## MARLOW vs. ADAMS.

In a suit for title to land, the party in possession failing to make good his title, cannot be allowed for improvements more than the value of the rents.

*Appeal from Prairie Circuit Court in Chancery.*

Hon. JOHN J. CLENDENIN Circuit Judge.

JORDAN, for Marlow.

WILLIAMS, contra.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Marlow and Adams both applied to the land agent of the Little Rock swamp land district, in March 1859, to enter the land in controversy in this case, as pre-emptors. The land agent, upon the evidence produced before him by the parties, gave the certificate of entry to Adams. Marlow filed a bill in the Prarie circuit court to cancel the certificate of entry, etc., and upon the pleadings and evidence the court refused to cancel the certificate of Adams, but decreed that he should pay to Marlow $100 for improvements he had made upon the land; and both parties appealed.

The preponderance of the evidence is in favor of the legality of Adams' entry, but its fairness is more questionable.

The evidence conduces to prove that one Hendricks made the original improvement on the land. That in the year 1852, Stephen Smith purchased the improvement for his son *Levi*, for $17, ten dollars of which was furnished by Levi, and the remaining seven his father paid in shop work. Levi was of age but lived with his father on a neighboring tract, and he, assisted by his brothers, made additional improvements on the land, and the old man and the boys cultivated a small field on the place for several years; but it was always called and known as *Levi's* place.

In the year 1854, Adams, representing to Levi that he had entered the land with scrip, purchased his improvement for $20, and obtained from him a written transfer.

Not long after this, Marlow coming into the neighborhood, obtained permission of Adams to go upon the place as his tenant.

Prior to the time Levi sold the improvement to Adams, Stephen Smith had always called it Levi's place, but disapproving of the sale, he claimed that the place belonged to him—that he intended to give it to Levi, but had not done so—and he afterwards gave it to Marlow, who married his daughter. Marlow continued in the undisturbed possession of the place until the time of the contest before the land agent, making improvements, which were doubtless worth $100; and he seems to have been very earnest in the belief that he obtained a good title to the original improvement from his father-in-law.

Both the land agent and the circuit judge, sitting as chancellor, having decided upon the facts of the case that *Levi* Smith was the owner, and not his father, of the original improvement, and that he made a valid transfer of it to Adams, which gave him a preference to enter the land, we are not disposed to overrule their decisions. And we are as little inclined to disturb the decree in favor of Marlow for $100, as some compensation for improvements, which appear to have been made in good faith, but we know of no law or precedent that would allow him compensation for his improvements over and above the value of rents.

The decree in his favor must be reversed, on the appeal of Adams: and upon his appeal so much of the decree as was against him in the court below must be affirmed; but the costs in both appeals must be taxed to Adams.