TOWN OF MAGNOLIA v. SHARMAN & CO.

1. LIQUOR: *Power of municipality to license sale of.*
No municipal corporation in this state has any authority to deal with the liquor question in any other way than to license, regulate, tax or suppress tippling houses and dram-shops and other places of habitual resort for tippling.

2. TAXES: *Illegal, when recoverable.*
An illegal tax paid to a municipal corporation under threats and compulsion may be recovered from the corporation by the party paying it.

APPEAL from *Columbia* Circuit Court.

Hon. C. E. MITCHEL, Circuit Judge.

*H. G. Bunn*, for appellant.

There are two questions involved in this case, to-wit:

*First*—Had the town council of Magnolia authority to adopt and enforce the ordinances and collect the license taxes thereunder demanded and paid?

*Second*—If the exactions were unlawful did or did not appellees pay the same voluntarily, that is to say, was the compulsion shown by the pleadings and testimony sufficient to render the payment involuntary in the legal sense?

It is admitted that the town of Magnolia has no authority by its charter to deal with the liquor question in any other way than " to license, regulate, tax or suppress tippling houses and dramshops and other places of habitual resort for tippling." *Tuck v. Town of Waldron, 31 Ark., 462.*

The witness swore that appellees sold "ardent spirits as druggists on prescription."

Granting for the sake of argument that the license tax was illegal, does the evidence show such a state of facts as that appellees *involuntarily* paid it? A mere verbal protest amounts to nothing. The threats of the constable amount to nothing. Before either of these can be considered, it must appear that the tax was paid as a *dernier resort* to avoid personal arrest or the immediate seizure of property. *First Nat. Bank of Americus v. Mayor, etc., 68 Ga., 119; Robinson v. Inhabitants of Greenbush, 58 Me., 390.* See *Detroit v. Martin, 34 Mich., 170.*

The rule seems to be as follows, viz.:

" Where a party pays an illegal demand, with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release (not to avoid) his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and cannot be recovered back. And the fact that the party, at the time of making the payment, files a written protest, does not make the payment involuntary." *2 Dil. Mun. Corp., 947.* Quoting from *Lanborn v. Dickerson, 97 U. S., 171; Union Pacific R. v. Dodge County, 98 U. S., 541.*

The coercion or duress which will render a payment involuntary, must in general consist of some actual or threatened exercise of power possessed, or believed to be

possessed, by the party exacting or receiving the payment over the person or property of another, from which the latter has no other means of immediate relief than by making payment. *2 Dill. Mun. Corp., 943, 3d ed.*

All the cases that may be cited against our position, are cases wherein facts appear to create exceptions to the general rule. Among these exceptional facts are:

Statutes providing for refunding money.

Laws giving power of immediate arrest or distraint to collecting officers.

Mistakes of law and facts combined, and sometimes mistakes of facts alone.

Neither of the ordinances of the town of Magnolia, nor any state law in question, conferred any power upon her collecting officer to arrest the person or seize the property of any person liable to pay the license tax imposed, and this appellees knew, were expected to know and could not be excused for not knowing.

*Jones & Martin* for appellee.

*First*—The town council had no authority to exact license tax as was attempted in the ordinance.

The town only had authority to license, regulate, tax or suppress tippling houses and dram-shops, and to regulate or prohibit ale and porter shops or houses, and public places of habitual resort for tippling and intemperance. *Tuck v. Town of Waldron, 31 Ark., p. 465.*

*Second*—The taxes were paid under compulsion of threats, under protest; was actually received by the town, and the tax was illegal and void. All the elements necessary concur. *Cooley on Taxation, p. 565–6; 15 Wall., 75–77; 39 Tex., 236; 25 ib., Marshal v. Sneider; ib., 86.*

The payment being made under protest, the right is clear. *61 Maine, 391; 57 Penn. St., 433; 23 Cal., 111.*

Hon. C. B. MOORE, Sp. J.   On the ————, 1879, the town council of the town of Magnolia adopted an ordinance requiring a license tax to be paid for the purpose of selling liquors by the quart as a druggist in said town for the year 1880.

The license tax for that year appellees paid under formal protest, as recited in the receipt therefor, dated January 1, 1880, to the constable and revenue collector of the town, amounting to the sum of $50, as stated in the account sued on, and on the 3d of January, 1881, the town council adopted another similar ordinance, numbered 50, requiring license from persons selling liquors in the town; and appellees, under formal protest, recited in the receipt, then paid the license for the year 1881, amounting to the sum of $100.

On the 29th of June, 1882, appellees brought this action before Thomas S. Mullins, one of the justices of the peace of Magnolia township, to recover back the license taxes amounting to the sum of $150 and interest, which they claimed had been illegally exacted from them and against their protest made at the time of paying the same.

Judgment was rendered in favor of Sharman & Co. An appeal was taken to the circuit court, where judgment was again rendered against the town of Magnolia. Motion for a new trial overruled, and an appeal taken to this court.

There are two questions involved in this case:

*First*—Had the town council of Magnolia authority to adopt and enforce the ordinance and collect the license taxes thereunder demanded and paid?

1. LIQUOR: Power of town to license sale of.

*Second*—If the exactions were unlawful, did or did not appellees pay the same voluntarily; that is to say, was the compulsion, shown by the pleadings and testimony, sufficient to render the payment involuntary in the legal sense?

The first of these can hardly be considered a question. Independently of the "local option law," or of any special prohibitory liquor law for the town of Magnolia, neither this town, nor any other town in the state, has authority to deal with the liquor question, in any other way than to "license, regulate, tax or suppress tippling houses and dram shops, and other places of habitual resort for tippling." This is candidly admitted by the learned counsel for appellant. It was definitely and authoritatively set at rest by this court in *Tuck v. Town of Waldron, 31 Ark., 462.*

2. When illegal taxes paid, recoverable.

As to the second question presented, R. R. Sharman, the only witness in the case, testified that he paid the license taxes referred to under protest, after they had been demanded by the collector for the town of Magnolia three several times. The constable was the collector, and at the time of demanding the taxes made threats of arrest, and other penalties, if payment was not made—and that the payments were made after appellees had taken legal advice on the subject.

It is a general proposition that an action may be maintained to recover money paid under an illegal and void tax, if paid involuntarily or under compulsion. There are certain elements or conditions, however, which must exist in order to the maintenance of such an action.

The Supreme Court of Georgia, in the case of *National Bank v. The Mayor of Americus, etc., 68 Ga., 119,* thus states these conditions:

"Three elements are essential and must concur to sustain an action to recover back money on the ground of the illegality of the tax.

"*First*—The authority to levy the tax must be wholly wanting.

" *Second*—The money sued for must have been actually received by the defendant corporation.

" *Third*—The payment of the plaintiff must have been made upon compulsion, to prevent the immediate seizure of his goods, or the arrest of his person, and not voluntarily made; unless these conditions concur, paying under protest will not give a right to recovery."

Judge Cooley, in his work on *Taxation, p. 565*, says: " The authorities warrant us in specifying the following as the conditions on which any such action may be maintained:

" *First*—The tax must have been illegal and void, not merely irregular.

" *Second*—It must have been paid over by the collecting officer, and have been received to the use of the municipality.

" *Third*—It must have been paid under compulsion.

" And to these should be added, perhaps,

" *Fourth*—The party must not have elected to proceed in any remedy he may have had against the assessor or collector."

This doctrine is supported by reason and the weight of authority as found in numerous decisions of the courts of last resort in many of the states of the union. *Sandwich Glass Co. v. Boston, 4 Metc., 181; Joyner v. School District, 3 Cush., 567; Hubbard v. Brainard, 35 Conn., 563; First National Bank v. Watkins, 21 Mich., 483; Tuttle v. Everett, 51 Miss., 27.*

The Supreme Court of the United States, in the case of *Erskine v. Van Arsdale, 15 Wallace, p. 75,* states the rule in these broad terms: " Taxes illegally assessed and paid may always be recovered back if the collector understands from the payer that the taxes are regarded as illegal and that suit will be instituted to compel the refunding of them."

This court has recognized the doctrine in its fullest extent in the case of *Drew Co. v. Bennett*, *43 Ark.*, *364*. The county court of Drew county exacted from Bennett $450 for liquor license, when only $400 was the legal tax. Bennett paid under protest, and sued to recover the excess of $50. This court said, in passing on the question: "The excess over $400, which Bennett was made to pay as a county tax, was an illegal exaction, and he was entitled to recover it."

The record in this case shows, beyond question, that the license tax was illegal and void, was received to the use of the municipality of Magnolia, and was paid under threats and compulsion. All the elements concur to make it a proper case for maintenance of an action to recover an illegal and void tax.

The judgment of the Columbia circuit court is affirmed.

Hon. B. B. BATTLE did not sit in this case.