HELENA v. DWYER.

Opinion delivered March 19, 1898.

ILLEGAL TAX—RECOVERY.—Money paid to a city collector under an illegal ordinance imposing a license tax, and subjecting delinquents to a fine for failure to pay the same, is not recoverable as a compulsory payment where there was no actual or threatened exercise of force to compel such payment. (Page 158.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

The appellees, Dwyer Brothers, brought suit in the Phillips circuit court against the appellant to recover certain sums of money which were paid by them at various times from January, 1893, to February 1, 1895, as a license for keeping a meat market in the city of Helena, amounting in the aggregate to the sum of $109.

The complaint, among other things, alleges that these various amounts were paid to the said defendant (appellant) against their will, illegally and under protest and duress of law, as a license to them for keeping a meat market in said city; that the amounts were collected at different times by the collector of said city, who was also the chief of police thereof, under an ordinance passed by said city; that they were compelled to pay said sums in installments, from time to time, whenever called upon by said city officers, to prevent being arrested and subjected to the payment of a fine upon their failure to pay the same, there being a penalty attached to said ordinance which subjected one to the payment of a fine and arrest who failed to pay the same when called upon by the proper officers of said city; that the ordinance was unconstitutional and contrary to the laws of the state; and that the city had no right to collect the same.

The appellant answered, denying the illegality of the ordinance, and charged that the various sums paid to appellant by appellee were paid freely and voluntarily, without question, fraud, mistake, threats of arrest, or duress of any kind whatsoever, and were also paid prior to the repeal of the ordinance referred to.

The section of the ordinance prescribing the penalty for violation of same is as follows: "Be it ordained, that any violation of this ordinance shall subject the offender to a fine of not more than $25 for each offense, to be adjudged by the mayor or jury trying the case." This is the only part of the ordinance necessary to set out, as the appellant does not contend here that the ordinance was valid, but only contends that the payments by appellees were voluntary.

The court found the facts to be as follows: "That, while the ordinance provided a failure to pay the license rendered the offender liable to a criminal prosecution and a penalty, the amounts sued for were paid to enable plaintiffs to carry on. their legitimate business, and not be adjudged criminals; that the amounts were paid to F. D. Clancey as city collector, and not as chief of police; that he, as such collector, had no authority to make arrests; that the amounts were paid without objection or protest, but for the reason that their failure would subject them to arrest and prosecution for a failure to pay; that appellees were never threatened with arrest or arrested at the time the payments were made."

Appellant asked the court to declare the law as follows: "The payment by the plaintiffs must have been made under compulsion, under protest, and to prevent the immediate arrest and detention of his person, and not voluntarily made," which the court refused, but declared the law as follows: "That the payments made by plaintiff were made under a legal duress and compulsion, and, in law, not voluntarily; that an ordinance which requires the payment of an amount of money before going into business, when paid, becomes a payment under duress of law, and the party paying is entitled to recover the same back by suit at law."

*R. W. Nicholls*, for appellant.

Mere apprehension of legal proceedings is not sufficient to make a payment compulsory. Such a payment cannot be recovered on the ground of duress. 4 Waite's Actions & Def. 191; 62 Ark. 626, 627; 49 Ark. 70; 21 Mich. 483; 25 Mich. 456; 34 Mich. 170; 50 N. W. 959; 45 Am. Rep. 479; 2 Dillon, Mun. Corp. 947; 20 Pa. St. 235; 6 R. I. 235; 20 Mo. 143; 46 Cal. 589; 4 Met. 599; 97 U. S. 181; 30 Me. 404; 5 Gill (Md.), 244; 33 Barb. 147; 13 Am. Rep. 220; 6 Gray, 579; 98 U. S. 531.

*Tappan & Porter*, for appellees.

An ordinance in restraint of trade and for revenue is illegal and void. 43 Ark. 365; 46 Ark. 361; 15 Wall. 75; 49 Ark. 74; 56 *ib.* 374; 52 Ark. 301; 40 Am. Rep. 55; 85

Am. Dec. 282. One who has illegally been compelled to pay money as a condition precedent to the exercise of a legal right can recover such payment. 49 Ark. 74; 86 N. Y. 472; 60 N. Y. 478; 12 N. Y. 112; 45 Mich. 569; 12 Pick. 7; 4 Metcalfe, 189; 3 Cush. 572.

WOOD, J., (after stating the facts). Judge Dillon says: "The coercion or duress which will render a payment of taxes involuntary must in general consist of some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment, over the person or property of another, from which the latter has no other means, or reasonable means, of immediate relief, except by making payment." 2 Dillon, Mun. Corp. § 943. Again he says: "Money voluntarily paid to a corporation under a claim of right, without fraud or imposition, for an illegal tax, license, or fine, cannot, without statutory aid—there being no coercion, no ignorance or mistake of facts, but only ignorance or mistake of the law—be recovered back from the corporation, either at law or in equity, even though such tax, license fee, or fine could not have been legally demanded and enforced." Id. § 944.

Judge Cooley enumerates, as one of the conditions upon which illegal and void taxes paid to a municipal corporation may be recovered, the following: "It must have been paid under compulsion, or the legal equivalent." Cooley, Tax. p. 805. And he defines a compulsory payment as follows: "A payment made to relieve the person from arrest, * * * or to prevent a seizure when it is threatened." Id. p. 84. The principles here announced were approved by this court in Town of Magnolia v. Sharman, 46 Ark. 358. It will be seen, by applying these principles to the facts as found by the court in the present case, that the court erred in its declaration of law, and in refusing to declare the law as asked by appellant. We are of the opinion that the payments made by appellees, under the facts stated, cannot be construed otherwise than as voluntary payments. See First Nat. Bank of Americus v. Mayor, etc., 68 Ga. 119, and numerous cases cited in brief of appellants.

Reversed and remanded for new trial.