## DOUGLASS v. HUNT.

### Opinion delivered March 20, 1911.

EJECTMENT—BETTERMENTS—GOOD FAITH.—Where the losing defendant in an ejectment suit testified that he was advised by his attorneys that his title was in fee simple, and that he occupied and improved the land

in the honest belief that he had a perfect title, but that both before and after he purchased the land he received information that plaintiffs, who were the children of defendant's grantor, were going to claim the land at her death, he was not a *bona fide* purchaser, and could not claim betterments.

Appeal from Johnson Circuit Court; *J. Hugh Basham,* Judge; reversed.

*Winchester & Martin,* for appellants.

A defendant cannot claim for improvements made on land before he has acquired title thereto; neither can he claim for such improvements where he has been notified that the plaintiffs intended to sue for the land and contest the title thereto. 76 Ark. 146, 152; Kirby's Dig. § 2754; 53 Ark. 572-3; 71 Ark. 605.

*Webb Covington* and *T. D. Crawford,* for appellee.

If any person believing himself to be the owner, under color of title peaceably improves land which is afterwards decided to belong to another, the value of such improvements shall be paid to him by the successful party. Kirby's Dig. § 2754. Any improvement that adds to the value of the land by rendering better adapted to man's use and enjoyment may properly be considered to be within the meaning of the statute. 37 Ark. 137; 5 Dana (Ky.) 547; 137 Cal. 524.

McCULLOCH, C. J. Appellee, W. R. Hunt, occupied a tract of land in Johnson County, Arkansas, and made improvements thereon. He held under a certain deed which purported to convey the title in fee simple, but which in fact conveyed only the life estate of one Sarah E. Hacking. Appellants own the remainder, and instituted this action, after the death of Mrs. Hacking, to recover possession of the land. Appellee alleged that he held the land under color of title and peaceably improved the same, believing himself to be the owner thereof, and he claimed compensation for such improvements. The trial court allowed an amount which was found to be the value of said improvements, and rendered judgment, in accordance with the provisions of the statute, in favor of appellants for recovery of the land and in favor of appellee for the value of improvements, less the amount of rents.

The question arising on the appeal relates to the correctness of the judgment for betterments.

The case was tried before the court sitting as a jury, and we are bound by the findings of fact, as far as there is legally sufficient evidence to support them. It appears from undisputed testimony that Sarah E. Hackney, the life tenant, died on April 7, 1909, and that the improvements for which the court allowed compensation were made by appellee shortly after her death. He purchased the land in the year 1903 from one Lovejoy, who had purchased at a foreclosure sale by a commissioner of the chancery court the title of Mrs. Hackney. The deed under which Mrs. Hackney held conveyed to her only a life estate, with remainder over to appellants, her children.

Appellee testified that he was advised by attorneys of well known learning and integrity that his deed from Lovejoy conveyed the title in fee simple, and that he occupied and improved the land in the honest belief that he had a perfect title. He testified, however, that both before and after he purchased the land from Lovejoy he received information that appellants, who were the children of Mrs. Hackney, were going to lay claim to the land at her death. He said that it was generally understood, and that he heard every few days, that the Hackney heirs were going to contest the title as soon as their mother died. The deed to Mrs. Hackney was on record, and it gave her only a life estate with remainder over to her children. With notice that the heirs were going to contest the title, he improved the land relying on the advice of attorneys that the title was good. Can he, under those circumstances, be deemed to have been a *bona fide* occupant, within the meaning of the statute, after the death of the life tenant? In *Fee* v. *Cowdry*, 45 Ark. 410, this court quoted with approval the following definition of the term "*bona fide* occupant" given by Mr. Justice Washington in delivering the opinion of the court in *Green* v. *Biddle*, 8 Wheat. 79:

"He is one 'who not only *supposes* himself to be the true proprietor of the land, but who is ignorant that his title is contested by some other person, claiming a better right to it. Most unquestionably this character cannot be maintained, for a moment, after the occupant has notice of an adverse claim, especially if that be followed up by suit to recover the possession. After this, he becomes a *mala fide* possessor, and holds at his peril, and is liable to restore all the *mesne* profits, together with the land."

The same was quoted with approval in *Brown* v. *Nelms,* 86 Ark. 368, and in *McDonald* v. *Rankin,* 92 Ark. 173.

Again in *Beard* v. *Dansby,* 48 Ark. 183, this court said: "Good faith, in its moral sense, as contradistinguished from bad faith, and not in the technical sense in which it is implied to conveyances of title, as when we speak of a *bona fide* purchaser, meaning thereby a purchaser without notice, actual or constructive, is implied in the requirement that he must believe himself the true proprietor. It must be an honest belief and an ignorance that any other person claims a better right to the land."

In *White* v. *Stokes,* 67 Ark. 184, the court said: "He (the occupant) cannot shut his eyes and say that he believed in good faith that he had a good title, when he was informed that he did not have."

The policy is not to be tolerated of allowing an occupant to make improvements and charge them against the owner after the latter has notified him that the title is to be contested. That would allow the occupant to speculate at the expense of the true owner, on the result of litigation, of which he is actually forewarned. It has often been said by this court that the betterment statute is sustainable on the ground that it was designed as an adjustment of equities between innocent parties, therefore the equities of the case forbid that the true owner shall be charged with the cost of improvements made by the occupant after notice from the owner that the title is to be called in question.

The court erred in adjudging in favor of appellee the value of improvements. The judgment is therefore reversed, and, the facts being undisputed, the cause is remanded with directions to enter judgment absolute in favor of appellants for recovery of possession of the land and the amount of rents according to the findings of the court, less the amount of taxes paid by appellant since the death of the life tenant.