## FOLTZ v. ALFORD.

Opinion delivered February 5, 1912.

1. IMPROVEMENTS—BETTERMENT ACT—COLOR OF TITLE.—One who by mistake erects improvements upon the land of an adjacent proprietor, having no color of title thereto, can not claim such improvements under the betterment act.  (Page 193.)

2. SAME—RECOVERY OF IMPROVEMENTS.—The equitable doctrine that one sued in equity to recover land may, independently of the betterment act, recover improvements made thereon by him in good faith is invoked against a plaintiff only when he seeks to enforce some equitable right.  (Page 194.)

3. SAME—RECOVERY OF IMPROVEMENTS—GOOD FAITH.—One who placed improvements upon the land of another after he had been notified of the latter's ownership can not be said to have placed them in good faith. and will not be entitled to recover therefor.  (Page 194.)

Appeal from Sebastian Chancery Court; Fort Smith District; *J. V. Bourland,* Chancellor; reversed.

*H. C. Mechem,* for appellants.

No betterments should have been allowed.  48 Ark. 187; 47 *Id.* 528; 59 *Id.* 146; 18 Mich. 142; 29 Wis. 663; 40 Ia. 213.

*A. A. McDonald,* for appellee.

The improvements were made in good faith by one claiming under color of title.  48 Ark. 187.

HART, J.  Joseph R. Foltz and others brought an action in ejectment in the circuit court against L. M. Alford to recover a tract of ground in the city of Fort Smith, lying immediately south of lot 12, block 21, in Foltz's subdivision of Griffith & Nicks' Addition to the city of Fort Smith and being 140 feet in length and 50 feet in width.

The defendant in his answer denied that the plaintiffs were the owners of the tract of ground, and set up title in himself.  As a further defense, defendant alleges that, relying on his title to the property, he has in good faith made valuable improvements by erecting thereon a building worth $1,500.

On motion of the defendant the case was transferred to the chancery court, and without objection was tried there.

Foltz's subdivision to Griffith & Nicks' Addition to the city of Fort Smith was created by a plat filed April 29, 1887, and consisted of blocks 21 and 22. The plat shows block 21 to be south of block 22, and the blocks are divided by Sykes Street 40 feet wide. No street is shown on the plat immediately south of block 21. Lot 12 of block 21 is in the southeast corner of, the block as platted into lots, and faces east. Immediately south of lot twelve is the tract of ground in controversy. In 1900 L. M. Alford purchased said lot 12 in block 21 and received a deed therefor.

In 1906 a plat was filed of Foltz subdivision No. 1, extended to Griffith & Nicks' Addition, showing blocks 8 to 19 and A to D. Blocks 21 and 22 did not appear on this plat.

In 1908 Alford, wishing to build a house on said lot 12, had it surveyed, and the surveyor by mistake located the lot fifty feet south of its true location, and located it on plaintiff's land. It does not certainly appear how the mistake was made, but it probably occurred in this way—the surveyor made the survey with reference to the plat filed in 1906, and did not look at the plat of blocks 21 and 22 filed in 1887. The property was all vacant, and the surveyors extended the streets as they appeared on the plat filed in 1906 and without any reference to the plat of .1887, and in this way the mistake was made. Be that as it may, the undisputed evidence shows the tract of ground in question was the property of the plaintiffs.

James A. Foltz testified: "I had charge of the property of the plaintiffs; and when I saw that the defendant was about to erect a house thereon, I suspected that it was on our land. After making some measurements, I concluded I was right. I then went to Mr. Alford, and told him that I did not know for sure, but that I thought he was about to erect his house or a part of it on our property. Mr. Alford said, "No," that he had had the property surveyed by a civil engineer. I told him that I still thought that there was a mistake. I then had the property surveyed, and found that he was erecting his house on our land. I again went to Mr. Alford. I found him in his back yard making concrete blocks with which to build his house, and told him that he was about to erect a house on our

ground.   Foltz said:   "I gave him good due warning long
before the house was first started;  he had no frame work nor
roof on it."

L. M. Alford testified:   "I had a survey made by two civil
engineers, and, relying on their survey as being correct, I built
a house on the property in question.   The house is worth
$1,500.   I had the survey made because I wanted to know
exactly where the property was before building on it, and, as
above stated, relying on the correctness of the survey, I built
my house."

We quote from his testimony as follows:   "Q.   Mr. Alford.
while you were building your house, did you have any talk
with Doctor Foltz or any of the Foltz heirs with regard to the
title to lot 12?

"A.   No.   They never laid any claim to it then, but while
I was building I met Dr. Foltz, and he stated that he owned a
strip west of the bridge."

The chancellor found that the plaintiffs were the owners
of the property, but also found that the defendant, believing
himself to be the owner under color of title, improved the prop-
erty, and that the value of the improvements was $1,500.
Accordingly, it was decreed that plaintiffs were the legal owners
of the property, and that they should have a writ of possession
therefor, upon paying the defendant $1,500 with interest at
the rate of six per cent. from the date of the decree.   Plaintiffs
excepted to so much of the decree as held that the defendant was
entitled to recover for improvements, and have duly prose-
cuted an appeal to this court to reverse the decree in this
respect.

The sole purpose of the appeal by the plaintiffs is to ques-
tion the correctness of the chancellor's decree wherein the de-
fendant was allowed the value of his improvements.   The un-
disputed evidence shows that the plaintiffs are the owners of
the tract of ground in controversy, and that the defendant
built his house thereon. because he made a mistake as to the
location of his own lot.   It follows that he did not have color
of title so that he could claim improvements under the bet-
terment act.   Beard v. Dansby, 48 Ark. 183;   Anderson v.
Williams, 59 Ark. 144;   White v. Stokes, 67 Ark. 184;   Beasley
v. Equitable Sec. Co., 72 Ark. 601.

Neither can it be said that the defendant is entitled to his improvements, independently of the betterment act, under the doctrine that he has made improvements in good faith, which increases the value of the property of the plaintiffs, because this rule is only invoked against a plaintiff when he seeks to enforce some equitable right. 3 Pomeroy, Eq. Jur., (3 ed.) § 1241.

It is true the case was heard in the chancery court, but it was transferred there on the motion of the defendant, and the plaintiffs are seeking no equitable relief whatever.

In 21 Cyc. pages 17-8, it is said: "One making improvements on another's land through a *bona fide* mistake as to the boundary or location after due diligence to ascertain it is entitled to compensation for such improvements."

Assuming without deciding the question that this is a correct principle of law, we do not think it has any application to the facts in this case. Doctor Foltz testifies positively that he notified the defendant before he commenced the construction of his house that he thought it was on plaintiffs' land. The defendant claimed to have had it surveyed by competent engineers, and paid no attention to this notice. Doctor Foltz then had the ground surveyed and again went to the defendant, and warned him that he was building his house on the plaintiffs' ground. This testimony is not denied by the defendant. It is true that he says in general terms that the plaintiffs never laid any claim to the ground while he was building the house, but he does state that while he was building the house Dr. Foltz talked to him and stated that the plaintiffs owned a strip of ground west of the bridge. It will be noted that the defendant's deposition was taken after Doctor Foltz had testified, and he does not deny the conversation that Doctor Foltz says that he had with him in regard to the location of the lot. His whole testimony shows that he built his house on the strip of land in question because he relied on the correctness of the survey he had made and on that account paid no attention whatever to the warning or notice given him by Doctor Foltz.

It is well settled that, even under the betterment act, from the time a defendant is chargeable with notice, he improves the land at his own risk and can assert no just claim or tax the true owner for improvements such, perhaps, as he does

not desire to be made.   *Porter* v. *Doe,* 10 Ark. 186; *Douglass* v. *Hunt,* 98 Ark. 320.

Reversed and remanded with directions to enter a decree in favor of the plaintiff.