BRUNSON *v*. BOARD OF DIRECTORS OF CRAWFORD COUNTY
LEVEE DISTRICT.

## Opinion delivered February 10, 1913.

1. TAXES—ILLEGAL ASSESSMENT—VOLUNTARY PAYMENT—RECOVERY BACK. —Where a party owns land in the levee district created by the Act of 1909, page 159, but his land was taken out of the district by Special Act of 1911, page 24, and an illegal assessment is made against the land under the latter act, a payment of taxes by the land owner, under the illegal assessment, with knowledge of the facts, is voluntary, and the taxes can not be recovered back, when it appears that although the lands would have been declared delinquent, they could not have been levied upon and seized to enforce payment, because under the statute suit would have had to be brought by the directors to collect the same.  (Page 27.)

2. TAXES—ILLEGAL ASSESSMENT—REMEDY OF LAND OWNER.—Where the statute, under which an illegal assessment is made requires that suit be brought by the district directors to collect delinquent taxes, a land owner, who, with knowledge of the facts, pays the taxes illegally assessed, makes a voluntary payment and can not recover them back.  The proper remedy of the land owner would have been to have refused to pay the taxes and defended the suit to collect same.  (Page 28.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans*, Judge; affirmed.

### STATEMENT OF FACTS.

Appellant brought this suit in the circuit court against appellees, the directors of the Crawford County Levee District, to recover taxes which he alleges were illegally assessed against his land, and which were paid under protest by him. The Crawford County Levee District was created by the Legislature of 1909. See Acts of 1909, page 159. The levee district was divided by natural conditions, a large stream known as Frog Bayou, running from the hills through the district to the Arkansas River. Appellant's lands were included in the district and were situated east of Frog Bayou. After the creation of the district, certain land owners instituted suit in the chancery court of Crawford County to dissolve the district on the ground that it was unconstitutional, but the act was upheld by the court. *Alexander* v.

*Board of Directors of Crawford County Levee District,* 97 Ark. 322. Immediately following this decision, the Legislature amended the act creating the levee district, so as to take out of the district, as originally created, all that part lying east of Frog Bayou, in which appellant's land was situated. See Special Acts of 1911, page 24. The Special Act provided that the territory excluded from the district as originally created, should be liable for its *pro rata* part of the preliminary expenses incurred in organizing the district. The special act also provided for the levy and collection of taxes for that purpose. Pursuant to this provision, the taxes in question were assessed against appellant's land. Section 6 of the act of 1909, provides that the sheriff of Crawford County shall act as collector of the levee taxes, and that if the levee taxes as assessed, are not paid by the 10th of April of each year, a penalty of 25 per cent shall be assessed for the failure to pay, and said board of directors shall enforce the collection thereof by a proceeding in the chancery court of Crawford County. Substantially these facts were alleged in the complaint of appellant, and in addition, the complaint alleged that there were two mortgages upon the land, in each of which it was provided that if the mortgagor failed or refused to pay the taxes or assessments levied on the land, both of said mortgages should immediately become due. That on the 20th of April, 1911, the collector of Crawford County notified appellant that unless payment of this levee tax was made at once, the statutory penalty would attach. That for the purpose of preventing the advertisement and sale of the said lands for said assessment, and to prevent a cloud upon his title, and to prevent a sale of his land under the terms of said mortgages, appellant paid the taxes so assessed against his land under protest and compulsion, and at the time of making said payment so informed the sheriff.

Appellee filed a demurrer to the complaint, which was sustained by the court. Appellant declined to plead further, and upon his complaint being dismissed by the court, he has duly prosecuted an appeal to this court.

*J. E. London* and *C. H. Starbird,* for appellant.

1.   A tax can not be legally levied and collected for a local improvement unless there is a corresponding benefit to the lands of the owner.   9 La. Ann. 503; 84 Me. 212; 72 Md. 587; 79 Md. 469; 92 Md. 535; 112 Mich. 588; 42 Neb. 120; 49 Neb. 883; 27 N. J. Eq. 568; 31 N. J. Eq. 472; 61 O. St. 1; 15 O. St. 76; 92 Tex. 685; 96 Tex. 258; 97 Va. 728; 154 Ind. 467; 164 U. S. 112.

2.   The payment of the tax by appellant was not voluntary.   37 Cyc. 1183; 91 Me. 508; 57 N. E. 379; 36 N. W. 69; 72 N. W. 320; 101 N. W. 855; 92 N. W. 208; 82 N. W. 202; 70 Vt. 609; 34 Wash. 707.

*E. L. Matlock,* for appellee.

1.   The Legislature was acting well within its recognized authority when, by the amendatory act of 1911, it provided, "that the territory hereby excluded from said district shall be liable for its *pro rata* part of said total expense, to be based on the direct proportion which the total property value of said excluded territory bears to the total property value of the whole district as it existed prior to the passage of this act," and in levying the tax upon the whole district including the land in question, to defray the initiatory expenses of the original district.   72 Ark. 119; 81 Ark. 562; 83 Ark. 54; *Id.* 344; 98 Ark. 113; 76 Ark. 303.

2.   Appellant's payment of the tax was voluntary. 2 Dillon, Mun. Corp. 943; 65 Ark. 155; 46 Ark. 358.

HART, J. (after stating the facts).   The taxes in question were assessed and collected under the Act of 1911 referred to above for the purpose of paying the expenses incurred in forming the district.   It is claimed by counsel for appellee that the assessment and collection for this purpose was valid.   On the other hand, counsel for appellant contend that his land was taken out of the district by the terms of the special act of 1911, and that the assessment and collection of the taxes in question were illegal and void.   We deem it unnecessary to go into any question arising out of the improper levy or collection of taxes assessed upon appellant's land, for we hold that

the payment was voluntary and with full knowledge of all the facts. In some of the States the right to recover illegal taxes paid under protest is given by statute. In this State, however, there is no statute regulating the matter, and if any recovery is had, it must be under the rules of the common law. The common law rule governing cases of this kind is laid down in the following cases: *Lamborn* v. *County Commissioners,* 97 U. S. 181; *Railroad Company* v. *Commissioners,* 98 U. S. 541. These cases lay down the following rule:

"Where a party pays an illegal demand, with full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release (not to avoid) his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and can not be recovered back. And the fact that the party, at the time of making the payment, files a written protest, does not make the payment involuntary."

This rule was recognized and quoted with approval by this court in the following cases: *Helena* v. *Dwyer,* 65 Ark. 155; *Town of Magnolia* v. *Shannon,* 46 Ark. 358. There are some expressions in some of our cases, which indicate that a broader rule has been adopted, but when the facts of the case are examined and considered, it will be seen that the rule, as above announced, has been strictly adhered to. To illustrate, in the case of *Drew County* v. *Bennett,* 43 Ark. 364, the county court of Drew County, exacted from Bennett four hundred and fifty dollars for liquor license, when only four hundred dollars was the regular tax. Bennett paid the tax under protest, and was allowed to recover the excess as an illegal exaction. It will be noted, however, that Bennett was compelled to pay the tax before he could engage in the business of selling liquor and on that account he paid it under compulsion or duress within the meaning of the law. The facts alleged in the complaint in the instant case, however, do not in law constitute duress or compulsion. Ap-

pellant was in no immediate danger of being disturbed in the possession of his property, and he would not have jeopardized it by not paying the taxes at the time he did pay them. · No irreparable injury could have resulted from his not paying them at the time. If he had refused payment to the collector, the latter had no authority to levy upon and seize his land to enforce payment. The statute requires suit to be brought by the board of directors of the levee district to collect the taxes. In the event of such suit, the plaintiff would have his day in court and the opportunity to plead and to offer proof in support of his claim that the taxes were illegal. He could have interposed the same defense to that action which he now asserts as the basis for his recovery in the present action. To hold otherwise would put it in the power of the party paying under protest to choose his own time and opportunity for commencing suit. To permit a person to ignore the remedies permitted under the statute against the alleged illegal taxes upon real estate and pay them with knowledge of all the facts, and then allow him to recover them back by suit would be inconsistent with our tax laws. We are aware that there is a sharp and irreconcilable conflict in the authorities on this question, but we believe that our decision is in accord with the weight of authority on the subject. Many additional authorities could be cited in support of the decision, and many might be cited against it, but they all follow the same general line of reasoning, and no useful purpose could be served by citing them at length. We deem it sufficient to say that a full and extensive note giving the authorities on both sides of the question and to some extent reviewing them may be found in the following cases: *Town of Phoebus* v. *Manhattan Social Club* (Va.), 8 Am. & Eng. Ann. Cas. 667; *Monagan* v. *Lewis,* 10 Am. & Eng. Ann. Cas. 1048; Cooley on Taxation, (3 ed.), Vol. 2, 1502, and cases cited.

The fact that appellant executed a mortgage on his land, and that the mortgage would fall due if he failed to pay the taxes regularly assessed thereon, could not have

the effect of making the payment under compulsion, because, as already stated, he could have made defenses to the suit brought against him to collect the taxes, and if they had been adjudged illegally, he would not have to pay them.

It follows that the judgment will be affirmed.