4-5347                                    124 S. W. 2d 209

Opinion delivered January 10, 1939.

*James Merritt*, for appellant.
*Hopson & Hopson*, for appellees.

McHANEY, J. Appellant is the owner of the west one-half of the southwest one-fourth of section 8, township 12 south, range 2 west with other lands in the same section, township and range, in Desha county. Appellees are the owners of the northwest one-fourth of section 17, same township and range, and the dispute between the parties arises over the location of the boundary line between their respective lands. Appellant brought this action to settle this dispute and to enjoin appellees from removing a tenant house and outhouses in the disputed strip and from interfering with his tenants. Believing himself to be the owner appellant made certain improvements on the north side of appellees' property

and, in 1934 or 1935, put a fence far enough south to enclose said improvements. In 1938, appellees had a survey made by the county surveyor, which showed the house built by appellant to be 79 feet south of the true section line between sections 8 and 17, and 81 feet east of the line between sections 17 and 18. They tore down the fence built by appellant and put it on the line established by the surveyor. They defended on the ground that they owned all the land in the northwest one-fourth of 17, and that appellant had built his fence and improvements on their land. Trial resulted in a decree for appellees, dismissing the complaint for want of equity and dissolving the temporary injunction theretofore granted. In doing so the court found that the line established by the county surveyor between sections 8 and 17 was the correct line and that appellee's fence is on this line.

In the trial appellant made some contention that appellee Snow, was wrongfully in possession of some of his land by a fence built around the north one-half of the southeast one-fourth, section 8, owned by Snow, but the court found as to this that Snow had been in adverse possession of all that was under fence for more than seven years, which the evidence established.

This appeal involves principally a question of fact. As we understand it, neither party is claiming more land than is covered by his description. Appellant acquired title to his land in 1918 and appellees in 1924. Sometime later, appellees built a fence on their land running east and west, but not on the north line. Their land extended beyond this fence and they say they left this for wood. Appellant did not undertake to inclose his land with a fence until 1934 or 1935. Believing appellant had built his fence on their land, appellees had the survey mentioned above made which the court found to be correct and we cannot say this finding is against the preponderance of the evidence.

Appellant contends that there was an agreement to settle the boundary dispute, but if so there was no mention made of it in his complaint. No joint survey was ever made and we can find no reason to reverse the decree rendered on this account.

He also contends that he has been in possession for more than seven years and has paid the taxes for more than fifteen years under § 8921 of Pope's Digest. But appellant has not been in possession for seven years. His fence was built inclosing the land in dispute in 1934 or 1935. It is true he has paid the taxes on the west one-half of southwest one-fourth of 8 for more than fifteen years, but he has never paid any taxes on the northwest one-fourth of 17,—the land of appellees. So neither the seven nor the fifteen-year statute affords him any relief.

It is further argued that the court should have allowed him judgment for improvements. In *Marlow* v. *Adams*, 24 Ark. 109, it was held that a party in possession of lands, who fails to establish his title thereto, cannot be allowed for improvements more than the value of the rents. And in *McDonald* v. *Rankin*, 92 Ark. 173, 122 S. W. 88, it was held that at common law there could be no recovery for improvements by the possessor against the true owner; that the true owner was entitled to the improvements even against a *bona fide* possessor; but that equity adopted the doctrine requiring the value of permanent improvements placed by a *bona fide* possessor to be off-set against the rents and profits, whenever the true owner applied to equity for an accounting by the possessor of the rents and profits. In this case there is no demand by appellees for rents and profits, and appellant cannot recover for his improvements. Not having color of title to the disputed strip of land he cannot claim under the betterment statute, § 4658, Pope's Digest. See, also, *Foltz* v. *Alford*, 102 Ark. 191, 143 S. W. 905, Ann. Cas. 1914A, 236.

Affirmed.