BUSWELL *v.* HADFIELD.

4-6264                                        149 S. W. 2d 555

Opinion delivered April 7, 1941.

*Claude E. Love,* for appellant.

*Compere & Compere,* for appellee.

SMITH, J.   Appellee brought suit in ejectment against appellants to recover possession of a lot in the city of El Dorado, Arkansas, described as follows: "Commencing at the northeast corner of the southwest quarter of northwest quarter (SW¼ NW¼) of section thirty-three (33), township seventeen (17) south, range fifteen (15) west, run thence south 565 feet to point of beginning; thence run west 150 feet, thence south 70 feet,

thence east 150 feet, thence north 70 feet to point of beginning.''

Appellants filed an answer alleging ownership of the lot under a deed from the Commissioner of State Lands dated March 8, 1939. It was alleged in the answer that this lot forfeited to the state for the nonpayment of the general taxes due thereon for the year 1932, said lot having been assessed, advertised and sold for taxes under the following description: ''SW NW 70 x 155, block 5, Askew's Second Addition to El Dorado, Arkansas.'' It was alleged in the answer that appellants entered into the possession of this lot under the deed and paid improvement district taxes thereon amounting to $58.14 and made improvements of the value of $425, and it was prayed that the complaint be dismissed because tender thereof had not been made.

The court found that the sale was void, and that appellee was entitled to possession upon paying the amount of the improvement taxes which the tax purchaser had paid, but that appellants were not entitled to recover the value of their improvements. Appellants have appealed from the judgment disallowing the improvements, and appellee has prayed a cross-appeal from the allowance of the taxes.

The invalidity of the tax sale is admitted. The imperfect description alone would make it so; but appellants insist that they should have judgment for the value of the improvements notwithstanding that fact. The case of *Wilkins* v. *Maggard*, 190 Ark. 532, 79 S. W. 2d 1003, is relied upon to support that contention. In that case a tract of land had been sold for taxes under a void description; but the tax purchaser had entered upon the land and made improvements thereon. It was there held that the tax purchaser was entitled to recover the value of his improvements notwithstanding the invalidity of the tax sale.

But that case has no application here, for the reason that the purchaser did not enter upon and improve the land which was sold for taxes. There was offered in evidence a map of the Askew Second Addition to the

city of El Dorado, which shows also the northeast corner of the southwest quarter northwest quarter section 33. This map shows that it is 635 feet from the northeast corner of the southwest quarter northwest quarter to the north end of the Askew Second Addition, and block 5 of that addition is at the extreme southwest corner of the addition.

The point at which the description of the lot in controversy begins is 565 feet south of the northeast corner of the southwest quarter northwest quarter. From this beginning point the lot in controversy extends south 70 feet, which would carry it to an alley on the north side of the addition. In other words, the lot is just outside and north of the addition, and is no part of the addition. Block 5 of this addition consists of lots numbered 1, 2, 3, and 4, which are each 54 x 139 feet, so that the description "70 x 155, Block 5, Askew's Second Addition" is meaningless. But it is unimportant to consider what part of block 5 was sold for taxes, as the land here sued for was no part of that block. The county surveyor, who made a survey of the lot here in suit, was asked: "Q. How far is block 5 of Second Askew's Addition from the property which you surveyed for the defendants?", and he answered, "It is approximately 750 feet south, and about 400 feet west." In other words, appellants have improved a lot which did not sell for taxes, and the case of *Wilkins* v. *Maggard, supra,* has, therefore, no application.

The effect of the opinion in the case of *Wilkins* v. *Maggard, supra,* is that, if one acquires a tax title to land, which was sold for the taxes due thereon under a void description, and enters into possession under his void tax deed, he may, notwithstanding the tax deed is too indefinite to constitute color of title, recover the value of improvements made at a later date than two years after the expiration of the period of redemption. But in that case the tax purchaser took possession of the land improperly described. Here, the tax purchaser has taken possession of land which was not sold. The Wilkins case, *supra,* does not apply.

The case which does apply is that of *Wallace* v. *Snow*, 197 Ark. 632, 124 S. W. 2d 209. In that case Wallace, through a mistake as to the boundary between a tract of land which he owned, and an adjoining tract of land owned by Snow, made permanent improvements on Snow's land. The location of the correct boundary was determined in favor of Snow, from which Wallace appealed. It was there said, "It is further argued that the court should have allowed him judgment for improvements. In *Marlow* v. *Adams*, 24 Ark. 109, it was held that a party in possession of lands, who fails to establish his title thereto, cannot be allowed for improvements more than the value of the rents. And in *McDonald* v. *Rankin*, 92 Ark. 173, 122 S. W. 88, it was held that at common law there could be no recovery for improvements by the possessor against the true owner; that the true owner was entitled to the improvements even against a *bona fide* possessor; but that equity adopted the doctrine requiring the value of permanent improvements placed by a *bona fide* possessor to be off-set against the rents and profits, whenever the true owner applied to equity for an accounting by the possessor of the rents and profits. In this case there is no demand by appellees for rents and profits, and appellant cannot recover for his improvements. Not having color of title to the disputed strip of land he cannot claim under the betterment statute, § 4658, Pope's Digest. See, also, *Foltz* v. *Alford*, 102 Ark. 191, 143 S. W. 905, Ann. Cas. 1914A, 236."

In this case, as in the Wallace case, *supra*, there was no demand for rents, or for an accounting, or for any equitable relief. Possession of the land only was prayed, and no other relief was awarded.

We conclude, therefore, upon the authority of the Wallace case, *supra*, that the court properly denied recovery for the value of the improvements, and the judgment is, therefore, affirmed upon the direct appeal.

We are of opinion also that it was error to award judgment for the improvement taxes paid by appellants, and the judgment will be reversed upon the cross-appeal. Appellants were volunteers in paying these taxes. Ap-

pellee might have intended to resist the collection of the improvement taxes; but, whether so or not, no volunteer had the right to pay them in his own name, and thus cast a cloud upon the title and thereafter recover the taxes paid. *Brunson* v. *Board of Directors of Crawford County Levee Dist.*, 107 Ark. 24, 153 S. W. 828, 44 L. R. A., N. S., 293, Ann. Cas. 1915A, 493.

As the award for the improvement taxes was made a lien upon the land, the cause will be remanded with directions to award appellee possession of the lot sued for, free of any claim for the taxes paid.