Murphy *v.* Wall.

4-7579                                    186 S. W. 2d 436

Opinion delivered April 2, 1945.

*Thos. Compere,* for appellant.

*Ovid T. Switzer,* for appellee.

SMITH, J. This cause was tried upon an agreed statement of facts from which we copy the following recitals. Appellee Wall, without having color of title, paid the general taxes assessed against the land here in controversy for 18 consecutive years, beginning in 1926, when he paid the 1925 taxes. During all this time the land was wild, unimproved and uninclosed, and has not at any time been in the actual possession of anyone. However, on two occasions Wall sold timber cut and removed from the land, and from this source received sums of money equal to the taxes which he has paid. Appellant Murphy purchased the land from one Hawkins, who apparently had the record title thereto, and received a deed from Hawkins dated December 6, 1920. After receiving this deed, Murphy paid taxes for four consecutive years, after which Wall began paying the taxes, and paid them consecutively until 1944, when Murphy paid the taxes for that year.

The agreed statement of facts further recites that, "On December 3, 1938, plaintiff (Wall) sold said lands by warranty deed to H. B. Elton, one of the defendants herein, for $150 cash, and a lien retained for the balance of $100, and Elton was not satisfied with title, and agreed to deed the land back to Wall upon return of the down payment. Plaintiff, Wall, returned the down payment, but Elton did not convey the land back to him." Upon this agreed statement of facts it was held that under the provisions of § 8921, Pope's Digest, Wall had acquired title to the land, by virtue of his payment of the taxes for more than 15 consecutive years. Section 8921, Pope's Digest, reads as follows:

"Color of title presumed from fifteen years' payment of taxes. Payment of taxes on wild and unimproved land in this state by any person or his predecessor in title, for a period of fifteen consecutive years (at least one of said payments being made after the passage of this act), shall create a presumption of law that such person, or his predecessor in title, held color of title to said land prior to the first payment of taxes made as

aforesaid, and that all such payments were made under color of title.''

The decree from which is this appeal adjudged that these payments of taxes had vested title in Wall, and in so holding the decree recites:

''Section 8921 of Pope's Digest provides that fifteen payments in succession on wild and unimproved land shall create a presumption of law that he who makes such payments or his predecessor in title held color of title to said land prior to the first payment. The language employed is too plain and unambiguous to require construction. Its purpose is salutary and works no hardship on holders of record title who practice vigilance in matters affecting their real property. Tax payments, successively made over a period of years, supplies an element, color, to enable the taxpayer to take title in the land. The fact that he who pays the taxes in the manner and for the time provided sought to sell the property before his title accrued does not toll the running of the statute. If the statute is to furnish the remedy promised by the text, it must be held that this legal presumption of color may not be overcome by a fact that lay dormant during the entire 18 years.''

This holding and decree is fully sustained by the construction of this statute appearing in the cases of *Wallace* v. *Snow*, 197 Ark. 632, 124 S. W. 2d 209; *Schmeltzer* v. *Scheid*, 203 Ark. 274, 157 S. W. 2d 193; *Townsend* v. *Bonner*, 205 Ark. 172, 169 S. W. 2d 125.

Appellant insists, however, that this statute is inapplicable here, for the reason that before completing the 15th payment of taxes Wall sold the land and that this sale broke the continuity of his possession. But this contention, as was adjudged and decreed by the court below, cannot be sustained. The condition upon which the statute became operative and effective is that the taxes shall be paid by any person, or his predecessor in title, for a period of 15 consecutive years, at least one of which shall be subsequent to the passage of the act (Act 199, Vol. 2, Acts of 1929, p. 1001) which became § 8921, Pope's Digest.

Here, not only one but a majority of the tax payments were subsequent to that date. The provisions of the act would apply if Wall had have made a less number than 15 payments, provided his grantee had continued the unbroken payment of taxes until 15 payments had been made, as the act specifically provides that the payments may be made by anyone or his predecessor in title.

It is true Wall conveyed the land before making the 15th payment, but he returned the purchase money paid to him, upon the agreement that the land would be reconveyed to him; and while it does not appear that this was done, it does appear that Wall continued to pay taxes until he had made 18 consecutive payments, and having done so, he was entitled to the protection and benefits the statute was intended to afford the taxpayer.

The decree is affirmed.