ROBERT L. BLAND, Judge,
dissenting.
The majority opinion reaffirms the syllabus in Case No. 616, I. S. Davis, d/b/a Fairmont Linen & Supply Company, v. State Tax Commissioner. The syllabus in that case reads as follows:
“When the State Supreme Court rendered a decision exempting the furnishing of linens, towels and similar articles from the provision of the business and occupation tax, there is a moral obligation imposed upon the state to refund the amount not barred by the state court of claims statute of limitations.”
I fail to perceive how, when a claimant neglects and fails to file application with the state tax commissioner for a refund of taxes paid within two years from the date of such payment as provided by chapter 11, article 1, section 2a of the code providing an exclusive remedy for obtaining such refund, there should be a moral obligation of the state to make such refund.
In volume 51, American Jurisprudence, under the subject Taxation, Sec. 1167, I find the following well understood and recognized rule of law stated:
“On grounds of public policy, the law discourages suits for the purpose of recovering back taxes alleged to be illegally levied and collected. Taxes voluntarily paid without compulsion, although levied under the authority of an unconstitutional statute, cannot be refunded or recovered back without the aid of a statutory remedy.”
See Annotation 94 Am. St. Rep. 425; Stratton v. St. Louis Southwestern R. Co. 284 U. S. 530, 76 L. ed. 465, 52 *167 S. Ct. 222; Brunson v. Crawford County Levee Dist. 107 Ark. 24, 153 S. W. 828, 44 L. R. A. (NS) 293, Ann. Cas. 1915A 493; Roberts v. Boise City, 23 Idaho 716, 132 P. 306, 45 L. R. A. (NS) 593; People ex rel Eitel v. Lindheimer, 371 Ill. 367, 21 N. E. (2d) 318, 124 A. L. R. 1472, appeal dismissed in People ex rel Eitel v. Toman, 308 U. S. 505, 84, L. ed. 432, 60 S. Ct. 111, rehearing denied in 308 U. S. 636, 84 L. ed. 529, 60 S. Ct. 137; Wilson v. Philadelphia School Dist. 328 Pa. 225, 195 A. 90, 113 A. L. R. 1401; Philadelphia & R. Coal & I. Co. v. School Dist. 304 Pa. 489, 156 A. 75, 76 A. L. R. 1007; Putnam v. Ford, 155 Va. 625, 155 S. E. 823, 71 A. L. R. 1217.
In further support of my dissent to the award made in this case by majority members of the court, I refer to my dissenting statement in Raleigh County Bank v. State Tax Commissioner, Eastern Coal Sales Company v. State Tax Commissioner and Pinnell & Pfost v. State Tax Commissioner.