Ralph E. HUGHEY *v.* Louise BENNETT

78-44                                                          568 S.W. 2d 46

Opinion delivered July 17, 1978
(Division I)

Appellant, *pro se.*

No brief for appellee.

John A. Fogleman, Justice. This is an appeal from an action in ejectment brought by appellant for possession of a half lot in Crawford County. In granting appellant's motion for summary judgment, the trial judge ordered the appellee to remove her house from his property. Appellant appeals from that part of the judgment ordering the removal of the house. He argues that the trial judge had no right to raise the issue of the removal on his own in a law case. We agree that the part of the judgment ordering the removal of the house was erroneous and reverse that part of the judgment.

On July 1, 1976, appellant filed an action for ejectment against Louise Bennett. In the complaint he alleged that he was the owner of the south half of Lot 16 in Faber Addition in Van Buren; that he had obtained title in 1971 from the State of Arkansas; that his deed was recorded in Crawford County; and that appellee claimed some interest in the land and refused to deliver possession to him. He asked for possession of the land. Mrs. Bennett filed a general denial as an answer. She did not respond to appellant's written interrogatories.

Appellant moved for a summary judgment relying on his complaint, a copy of his deed from the state, his own affidavit which in part stated that he had paid the taxes since the purchase, and the affidavit of the county surveyor that his survey revealed that appellee's house was located on the south half of Lot 16.

At the hearing on August 15, 1977, on the motion for summary judgment, both appellant and appellee appeared to represent themselves. However, after talking with Mrs. Bennett the judge felt that it would be advisable to appoint an attorney as guardian ad litem for her. Appellee said that she had a deed to the north half of Lot 16 and to Lot 17; she admitted that she did not have a deed to the south part. She stated that her house was on the north half of the lot. When asked how long ago she had built the house, she was very vague. She believed it had been built in 1971, but that it was not finished. She also said that it wasn't "plumbed." Her only "evidence" on her behalf was her statement that people, including her husband, had told her where the property lines were, that she knew her house was on the north half, and that based on this information, the survey of the county surveyor was not correct. After a great deal of discussion by both parties and the judge, the judge stated that he would have to grant summary judgment, but with the approval of appellant, he was going to delay the entry of the judgment so that appellee could have an opportunity to have the property resurveyed.

On October 19, 1977, the judge entered judgment for appellant on his motion for summary judgment, since Mrs. Bennett had taken no action to have the property surveyed. Besides the summary judgment, he ordered that appellee remove her house from the half lot owned by appellant. He further stated that appellant would be entitled to a writ of assistance to require the removal of the house.

Ark. Stat. Ann. § 29-211 (e) (Supp. 1977) provides that when a motion for summary judgment is made and supported as required by the statute, the adverse party may not rest on mere denials of his pleadings, but must, by affidavits, set forth specific facts showing that there is a genuine issue for trial. See *Coffelt* v. *Ark. Power & Light Co.,* 248 Ark. 313, 451

S.W. 2d 881. We have said that when a movant makes a prima facie showing of entitlement to the relief sought, the respondent must remove the cloak of formal allegations and demonstrate a genuine issue as to a material fact by affidavits setting forth facts which would be admissible in evidence. *Miskimins* v. *The City Nat'l. Bank*, 248 Ark. 1194, 456 S.W. 2d 673; *Booth* v. *Peoples Loan & Inv. Co.*, 248 Ark. 1213, 455 S.W. 2d 868. Appellee filed only one pleading in this action and that was an answer containing a general denial. While appellant presented documentary proof and affidavits, Mrs. Bennett could only say that her house was not on his property. Since appellant presented prima facie proof of his right to the half lot and this was not contradicted by affidavits as required by statute, the trial court was correct in entering summary judgment for appellant.

At common law it was felt that a person owned all that was on his property so that a mistaken improver lost ownership and could not recover the improvements or their value. To avoid this harsh rule, the equity courts developed the theory that the value of the improvements, i.e., how much the value of the land was increased by the improvements, could be set off against the amount asked by the owner for rents or profits owed by the wrongful occupancy of his land. *Shick* v. *Dearmore*, 246 Ark. 1209, 442 S.W. 2d 198; *Buswell* v. *Hadfield*, 202 Ark. 200, 149 S.W. 2d 555. It was further developed that to avoid unjust enrichment, equity could allow the removal of an improvement when it could be done without damaging the land. *Shick* v. *Dearmore,* supra. See also, *Equity — Rights of a Mistaken Improver,* 24 Ark. L. Rev. 133. Here appellant brought his action in a court of law, not equity. He did not ask for anything such as rents or profits; he only asked for possession of his land.

The hearing from which this judgment resulted was for summary judgment. Ark. Stat. Ann. § 29-211 (c) (Supp. 1977) provides in part that the judgment sought shall be rendered if the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Appellant asked for a judgment for possession of his property; he did not ask that the house be removed. Appellee did not ask the court

to let her remove the house. Accordingly, appellant was entitled to the judgment he asked for as a matter of law since he had presented a prima facie case and there was no issue raised by appellee's general denial.

While Ark. Stat. Ann. § 50-103 (Repl. 1971) providing for removal of mistaken improvements might have been applicable, it was not raised by appellant nor affirmatively plead by Mrs. Bennett. The trial court could only act on those pleadings, the motion for summary judgment and the supporting documents and render judgment based on them. There was nothing before the court to show that the building was erroneously placed on appellant's land rather than on adjoining land owned by appellee or that twelve months had not elapsed after the *discovery* of the erroneous placing of the building as required by Ark. Stat. Ann. § 50-103. Our understanding of this unusual proceeding is that Mrs. Bennett was claiming to own the land on which the house was built, but she has never pleaded ownership and has actually never shown, by anything of which the trial court could take cognizance that she owned the adjoining property, as is necessary to the application of § 50-103.

The statements made by appellee at the hearing in the trial court were not under oath.

That part of the judgment providing for removal of the building from appellant's property is reversed and, since real property is involved, the cause is remanded for entry of a judgment consistent with this opinion.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.