# Fields *v.* Altman, *et al.*

## *Assumpsit.*

(Decided May 20, 1915. Rehearing denied June 30, 1915.
69 South. 543.)

*Taxation; Illegal Sale; Liability of Officer.*—The rule of caveat emptor applies at a tax sale and an officer who sells property for taxes under a void statute is not liable to the purchaser of such property at the sale.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by A. E. Fields against J. W. Altman and another, to recover for the illegal sale of property to him for taxes. Judgment for defendant, and plaintiff appeals. Affirmed.

HARSH & FITTS, for appellant.

STALLINGS, NESMITH & JUDGE, for appellee.

MAYFIELD, J.—The question in this case, upon which all others depend, is this: Is an officer who sells property for taxes, acting under a void statute, liable to a purchaser of the property sold at the tax sale? We are of the opinion that this question should be answered in the negative. The trial court so answered it, to which ruling we agree.

There are several valid reasons why the purchaser cannot recover in such case. One is that the rule of caveat emptor applies with all its vigor in such cases. Where two persons are equally at fault, the law will leave them as it finds them. The officer did not sell the property as his own, or by virtue of individual right or will. He sold it, as he and the purchaser thought,

by virtue of law and for a public purpose, but by a mistake of law only he had no right or authority to sell, and by virtue of the same mistake the plaintiff purchased. The latter could not take his chances of getting a title to the property purchased, and, if he failed in that, recover back his money paid from the officer making the sale. Ignorance or mistake of the law will not excuse a man, nor relieve from the consequences of crime, or from liability for torts or on contracts, much less confer a right of action upon him which he would not have had but for the ignorance or mistake. There are exceptions to, limitations upon, and qualifications of, the above rule; but this case does not fall within any of the exceptions, limitations, or qualifications. What was said in the case of *Southern Railway Co. v. City of Florence,* 141 Ala. 495, 37 South. 844, 3 Ann. Cas. 106, is applicable here, and that decision supports the ruling of the lower court in this case. It is there said: "This action was brought to recover back money paid by plaintiff to defendant for a license to operate a toll bridge as required by an ordinance, because illegally collected. Plaintiff bases its right of recovery upon the proposition that the ordinance under which the exaction was made and the money paid was and is void, and upon the further proposition that, because only a portion of the bridge operated by it was within the city limits, therefore the action was illegal. It is clear from this statement that plaintiff predicates his right of recovery upon a mistake of law. It is not insisted that there was any fraud or imposition, or that plaintiff did not have full knowledge of all the facts."

It is needless to say that this action is not brought under any of our statutes providing that a taxpayer may

11—198

recover back money which he paid under void statutes, void assessments, etc. No such contention is made by appellant, who is not a taxpayer, but a purchaser at tax sale. Careful research by us fails to disclose a single case in which a purchaser at a tax sale was allowed to recover back his money, the purchase price, because either the statute or the sale was void—not even to the extent of the taxes legally due, unless such action was expressly provided for by the statute. There are in some of the other states statutes which authorize a recovery by the purchaser to the extent of the taxes due, but we have no such statute in Alabama.

There is a radical difference between the right of a person to recover back money which he was required to pay by the taxing power under a void law or assessment and the claim of one who purchases property at a tax sale which is void. The latter is a mere volunteer in making the payment; he has the same means of knowing whether or not the sale is authorized, valid, or void, that the officer making the sale has. He buys a title without warranty. His speculation may prove profitable or unprofitable; and no one has, in either case, taken his money without his consent, or with any contract, express or implied, to reimburse him if his bargain proves a bad one for him.—*Lynde v. Melrose*, 10 Allen (Mass.) 49. The above has been well stated by the Texas court as follows: "In *McCormick v. Edwards*, 69 Tex. 108, 6 S. W. 33, it was said: 'After a careful research we have found no case in which a purchaser at a void tax sale has, without the aid of a statute, been permitted to recover even the taxes lawfully assessed upon the land and paid by his purchase. It would seem equitable that he should at least recover the taxes which the landowner ought to have paid, and which he failed

[Austin & Sons, et al. v. Hunter.]

to pay. Many states have, accordingly, passed statutes in regulation of this subject, and giving the relief indicated; and, so far as we have been able to discover, whenever this relief has been given or sanctioned by a court of last resort, it has been by virtue of statutory law.' "

In the case of *Lisso et al. v. Police Jury*, 127 La. 283, 53 South. 566, 31 L. R. A. (N. S.) 1141, and notes thereto, the authorities are all reviewed, and the law seems to be as we have decided it above.

The purchaser at a tax sale is provided for in certain cases mentioned in section 2304 et seq. of the Code, but no claim is made that this case is brought within these statutes. In no event, and under no phase of the pleadings or the evidence, was the plaintiff entitled to recover in this action. No possible injury could or did result by any adverse ruling complained of.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.