27 So.2d 477

**POSTELL v. POSTELL.**

**6 Div. 449.**

Supreme Court of Alabama.

July 25, 1946.

Rehearing Denied Oct. 24, 1946.

Beddow & Jones, of Birmingham, for appellant.

Hugh A. Locke and Wade H. Morton, both of Birmingham, for appellee.

BROWN, Justice.

The appellee on the 30th of September, 1944, obtained a decree of divorce from her husband, the appellant, on the ground of adultery and voluntary abandonment, which said decree confirmed an agreement between the parties settling their property rights and providing that the respondent in the case, appellant here, pay the complainant $400 monthly for "complainant and her minor children as long as she remained unmarried, beginning on the first day of October, 1944, payable $200.00 on the first and $200.00 on the 15th of each month thereafter."

On February 5, 1946, the respondent in that case, appellant here, filed a petition to modify the decree by "striking therefrom all provisions thereof which required this petitioner to contribute alimony to the complainant for the support of herself and the minor children, or for such other order, judgment or decree of the Court as in the premises unto the Court may seem mete and proper." The ground alleged for such modification is, "That there has been a change of circumstances since the rendition of the aforesaid decree which renders the fifth paragraph of said decree unjust and inequitable, insofar as that by the terms thereof incorporating the agreement filed in said cause at that time, this respondent is required to pay to the complainant a large sum of money each month as alimony for the use of the complainant and the minor children of complainant, to-wit: Four Hundred dollars ($400.00) monthly; and your petitioner says that he has complied with all the other terms of paragraph Fifth of said decree by due and legal conveyances, transfers, assignments and payments; your petitioner further says that at the time of entering into the agreement which was incorporated in the aforesaid decree, viz: September 27, 1944, this respond-

ent was in sound health and the owner of a prosperous place of business known as Traylor Optical Company and enjoying a large income from the operation of said business and from the practice of his profession of optometry; and your petitioner further says that subsequent to the rendition of the aforesaid decree your petitioner's health has entirely failed and he is no longer physically able to practice his profession, and is no longer physically able to engage in any occupation or manage or conduct any business operation.

"Your petitioner further says that he has suffered substantially an impairment of his capital assets during the period intervening since the rendition of the aforesaid decree amounting almost to a complete disappearance of all assets, and that he now has barely sufficient income to sustain. or live and furnish himself with food, shelter and the bare necessities of life; * * *"

The evidence is without dispute that the respondent, appellant here, at the time he entered into the agreement, which was embodied in the decree, was not in sound health; that he had suffered from heart affliction from the time he was ten years old and that during the year 1941 and up until the time the decree was entered, he was afflicted with arteriosclerosis and was under the care of a specialist and that in 1942, the evidence goes to show, he was in worse condition than he was at the time the decree was entered. The evidence further shows that notwithstanding his physical affliction, he was the owner of a prosperous business, the Traylor Optical Company, Inc., which he acquired in 1924, paying him a net income of $13,000 per year, something over $1,152 per month; that the Traylor Optical Company Inc., was a closed corporation and that respondent owned all of the stock in said corporation; that the general manager of the corporation was a Mr. McAlpin, a competent optometrist, who was capable of continuing the business in the absence of the respondent, and that up until and through December, 1945, respondent was receiving his said monthly income. He testified that notwithstanding the condition of said business, he entered into a contract with J. E. Thomp-

son of Copperhill, Tenn., and J. L. Watson of Leesville, La., to sell the same for $20,000; $10,000 in cash and the balance to be paid $6,000 in ten days and $2,000 in six months and another $2,000 in six months, he agreeing to pay the indebtedness of the corporation, amounting to $3,650. The corporation has continued business with the same manager in charge, a Mr. F. R. McAlpin, as when it was owned by the respondent.

On cross-examination the respondent testified, referring to the purchasers:

"Q. Have these people taken charge of it yet? A. Yes, a manager is there.

"Q. Is Mr. McAlpin still there? A. Yes sir.

"Q. Have they put another optometrist there besides Mr. McAlpin? A. Not to my knowledge. I don't know.

"Q. He is still the optometrist? A. He is the manager of the business."

On February 9, 1945, the respondent married a second wife, Martha Best Postell, and they are now living in Lincoln, Alabama, Talladega County.

The testimony was given ore tenus, and the court, after hearing the evidence, made a very comprehensive statement of his conclusions of fact, observing:

"After a consideration of all of the testimony offered in the case, the court is of the opinion that there is a partial change of conditions and circumstances which should operate to reduce the payments as set out in the original decree, but that the conditions and circumstances should not relieve the respondent entirely from the obligation which he owes. There has been some progression of the Respondent's physical disability. He did appear in court and testify in the case without any apparent difficulty. The court is of the opinion that the voluntary sale of the business was not necessary and that under the competent management which it had the business could have been continued with possibly some additional compensation to the then acting manager and that its sale should not operate to entirely cut off the former wife and minor child. The older child is now of legal age and there is no obligation on either parent to maintain or

314

support him. On the other hand the younger daughter with her approach to young ladyhood will require additional expense for her education and normal expected living expenses. The Complainant following the sale of her home and removal to an apartment house can and should be able to live on a reduced budget. Accordingly it is therefore ordered, adjudged and decreed:

"1. That the original decree which ratified the agreement by and between the parties is hereby modified to this extent, namely that the payment of $400.00 per month for alimony and support of the minor child of the parties is hereby reduced to $300.00 per month, which shall be paid in installments on the first and fifteenth of each month hereafter. This reduction to be effective on the fifteenth day of March, 1946, at which time payment of $150.00 will be due in lieu of the $200.00 payment due under the original decree. * * *"

After due consideration we are not of opinion that the decree of the circuit court should be disturbed, and it is accordingly ordered affirmed.

Affirmed.

All the Justices concur.