127 So.2d 595

**C. B. FLOWERS et al.**

v.

**Cloyd TILLERY et al.**

4 Div. 955.

Supreme Court of Alabama.

March 2, 1961.

Paul J. Miller, Jr., Phenix City, for appellants.

Smith & Smith, Phenix City, for appellees.

COLEMAN, Justice.

This is an appeal by the plaintiffs from a judgment rendered for the defendants in an action of statutory ejectment to recover possession of the following described parcel of land, to wit:

"Lot 1, Block I, of the Edmunds Survey according to the plat thereof or map thereof recorded in the office of the Judge of Probate, Russell County, Alabama, said Lot 1, Block I, lying, being and situated in Phenix City, Russell County, Alabama."

The plaintiffs rest their claim on a deed to plaintiffs from the State Land Commissioner, dated October 13, 1948, for which plaintiffs paid $537. The deed recites that the lands conveyed to plaintiffs by the deed were sold for payment of taxes by the Tax Collector of Russell County on June 19, 1939, and bought in by the State. The Commissioner's deed describes the land conveyed as follows:

"Lot 1, Block I Edmunds Survey, 1–5 R House lying and being situated in said County, * * *."

The trial court adjudged that plaintiffs were not entitled to recover the land sued for, but plaintiffs do not complain of that ruling.

After judgment for the land was rendered in favor of defendants, the plaintiffs filed a motion for judgment against defendants for the amount of taxes for the payment of which the lands were sold and for subsequently accruing taxes paid by plaintiffs, with interest, as provided for by § 289, Title 51, Code 1940. The amount sought by plaintiffs is $537, plus interest and subsequent expenditures. The trial court overruled the motion and that ruling is assigned as error. Defendants have agreed to pay and have tendered to plaintiffs all taxes due "from December, 1950."

The case was tried on an agreed stipulation of facts. The stipulation shows that the land in suit was owned by W. B. L. Wall and his wife. W. B. L. Wall died May 16, 1934. After his death, his widow and heirs, in 1935, executed a mortgage on the land. The mortgage was foreclosed in 1949 and the defendant, Cloyd Tillery, is the grantee of the purchasers at the foreclosure sale. The other defendants are tenants of Tillery.

With reference to the tax sale, the stipulation recites:

"4. That the Tax Assessor of Russell County, Alabama, assessed in the name of W. B. L. Wall the lands hereinafter described on information for the tax year 1938, and that said taxes were not paid and they were attempted to be sold by the Tax Collector of Russell County, Alabama, on June 19, 1939. However, the Tax Collector of Russell County advertised the following lands for sale in the name of W. B. L. Wall, to wit:

"Lot 1, Block 2, Edmunds Survey.

by advertisement in the Russell Register, a newspaper then published in Russell County, Alabama, and having general circulation therein; and that there exists no such lot or block in said Edmunds Survey as was advertised by the Tax Collector of Russell County for said sale as reported by him to the Probate Judge of Russell County. A copy of said notice of sale appearing in the Russell Register, published in Russell County, Alabama, on Friday, May 26, 1939, being hereto attached and marked Exhibit 'A'. The certificate of the Tax Collector of Russell County shows that said notice was published for thirty days in the Rus-

sell Register a newspaper published in Russell County, Alabama, and that said sale was had on June 19, 1939, and that the State of Alabama bought said lands in for $38.60 as if shown by Exhibit 'B' hereto attached and made a part hereof.

"5. That the Judge of Probate of Russell County, Alabama, in keeping the records of the sale of said lands ordered sold by him by the report of the Tax Collector in Russell County shows that the following lands were sold:

"Lot 1, Block 2, Edmunds Survey, 1–5R house.

as is evidenced by a photostatic copy of the records in the office of the Judge of Probate of Russell County, Alabama, hereto attached and marked Exhibit 'B'."

The stipulation also recites "that all of the evidence in this case is record evidence."

It is stipulated that the true description of the property involved in this litigation is:

"Lot 1, Block 'I' of the J. W. Edmunds Survey of City Lots in Phenix City, Russell County, Alabama."

From the stipulation, it appears that the description in both assessment and advertisement was:

"Lot 1 Blk. 2 Edmunds Sur. 1–5 R. House."

On the tax docket, under that description, appears the notation:

"Should read Lot 1 Block I."

When or by whom this notation was made does not appear. We think it is without effect here.

Both sides agree that the tax sale in 1939 was void for two reasons: first, because the sale was founded on an assessment against a deceased owner, and second, because the property was misdescribed in the notice of sale. This court has held that each of these defects invalidates a tax sale. Hames v. Irwin, 253 Ala. 458, 45 So.2d 281; Craig v. Swader, 225 Ala. 366, 143 So. 553.

Plaintiffs contend that because the sale was invalid for reasons other than that the taxes were not due, plaintiffs are entitled to judgment for the amount of the taxes for which the lands were sold, etc., as provided by § 289, Title 51, Code 1940, which recites as follows:

"If in any suit brought by the purchaser, or other person claiming under him, to recover the possession of lands sold for taxes, a recovery is defeated on the ground that such sale was invalid for any other reason than that the taxes were not due, the court shall forthwith, on the motion of the plaintiff, ascertain the amount of taxes for which the lands were liable at the time of the sale, and for the payment of which they were sold, with interest thereon from the date of sale, and the amount of such taxes on the lands, if any, as the plaintiff, or the person under whom he claims, has, since such sale, lawfully paid or assumed by the state after its purchase, with interest thereon from the date of such payment, the interest on both amounts to be computed at the rate of six percent per annum; and the court shall thereupon render judgment against the defendant in favor of the plaintiff for the amount ascertained, and the costs of the suit which judgment shall constitute a lien on the lands sued for, and payment thereof may be enforced as in other cases."

Defendants contend that plaintiffs are not entitled, under § 289, to reimbursement in an action for possession of land which was not sold, and that if plaintiffs have any remedy, it lies under § 285, Title 51, Code 1940.

**12**

We are of opinion that defendants' position is well taken. This court has said it would be unjust for the owner to recover his land from a tax purchaser on account of the irregularity of the tax sale and not refund to the tax purchaser the amount for which the recovering owner was liable and should have paid. Chappell v. Solomon, 235 Ala. 120, 178 So. 13. Section 289, Title 51, Code 1940, provides for the enforcement of the just rule requiring the owner to reimburse the tax purchaser who has paid taxes for which the owner was liable.

In the instant case, however, the question is whether or not the owner shall be required to reimburse a purchaser who acquired his rights at a sale of lands other than the lands of the owner. The stipulation shows that the land sued for was not assessed, reported delinquent by the tax collector, ordered sold by the probate court, advertised, or reported sold by the tax collector. We are compelled to the conclusion that the land here sued for was not sold.

Section 289, Title 51, Code 1940, affords a lien to "the purchaser, or other person claiming under him, to recover the possession of *lands sold* for taxes," when his suit for possession of such lands is defeated because the sale was invalid for any other reason than that the taxes were not due. The relief to such purchaser under § 289 is, we think, limited to land that was sold, or at least to land which the tax officials undertook to sell. Lot 1, Block I, of the Edmunds Survey was not sold, there was no attempt to sell it, nor was it assessed for taxation. We are of opinion that plaintiffs are not entitled to a judgment which shall constitute a lien thereon.

In a case where a certain lot was sold for taxes, the purchasers entered into possession of a different lot, paid improvement taxes thereon, and made improvements of the value of $425. The owner of the different lot brought ejectment against the tax purchasers and recovered judgment for possession of the different lot. The tax sale was admittedly invalid for misdescription. The tax purchasers claimed a right to be reimbursed for the improvements they had made and for the improvement taxes they had paid on the different lot of which they had taken possession. The appellate court denied the purchasers' claim for reimbursement for the improvements and said the purchasers "have improved a lot which did not sell for taxes." The purchasers' claim for reimbursement for improvement taxes was also denied, and the court said they "were volunteers in paying these taxes." Buswell v. Hadfield, 202 Ark. 200, 149 S.W.2d 555, 556. While the last cited case is not precisely on all fours with the instant case, the principle applied in the cited case applies also in the instant case. The plaintiffs, tax purchasers here, seek reimbursement for taxes paid on a lot which has not been sold for taxes.

The rule of caveat emptor applies at a tax sale. Fields v. Altman, infra. This court has approved the following statement:

" * * * ' "After a careful research we have found no case in which a purchaser at a void tax sale has, without the aid of a statute, been permitted to recover even the taxes lawfully assessed upon the land and paid by his purchase. It would seem equitable that he should at least recover the taxes which the landowner ought to have paid, and which he failed to pay. Many states have, accordingly, passed statutes in regulation of this subject, and giving the relief indicated; and, so far as we have been able to discover, whenever this relief has been given or sanctioned by a court of last resort, it has been by virtue of statutory law." ' " Fields v. Altman, 193 Ala. 160, 162, 163, 69 So. 543.

We are of opinion that § 289, Title 51, Code 1940, does not sanction reimbursement of the tax purchaser where the land sued for has not been assessed or sold as is the case here.

The judgment appealed from is in accord with this view and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.