160 So.2d 859

**A. B. CASE and Willella S. Case**

**v.**

**George W. WARD.**

**1 Div. 999.**

Supreme Court of Alabama.

Feb. 13, 1964.

W. Dewitt Reams and Hubert P. Robertson for Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellants.

Caffey, Gallalee & Caffey and Robt. S. Edington, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal by respondents from a decree quieting title in complainant to certain lots in the City of Mobile.

Complainant filed his bill which recites that:

"2. Complainant avers that he is in peaceable possession of the following described lands in Mobile County, Alabama, claiming to own the same in fee simple, viz.:

"Lots 17 and 18 and all of Lot 16 in Block 13 of Glendale Park according to Map thereof recorded in Deed Book 61 N. S. pages 316–317, Probate Court Records of Mobile County, Alabama, except the following portion of said Lot 16, namely: Beginning at the southeast corner of Lot 16 in Block 13 of Glendale Park according to a map thereof recorded in Deed Book 61 N. S. pages 316–317 Probate Records of Mobile County, Alabama, running thence 10 feet westwardly along the south line of Lot 16 to a point, running thence north 39 degrees and 9½ minutes east to a point on the east line of Lot 16, and running thence southwardly along the east line of Lot 16 to the southeast corner thereof, and the point of beginning."

Complainant avers also that respondents claim some interest in the land and calls on them to set forth their title and how it was created.

Respondents filed answer which was made a cross bill. They deny that complainant is in peaceable possession of or owns the land, and also aver that:

"3. Respondents claim title to said property by reason of said Lots 16, 17 and 18 in Block 13 of Glendale Park having been subject to a decree for the sale of said property for the payment .

of due and unpaid assessments for public improvements made by the city of Mobile, together with charges, penalties, interest and costs, including costs of court and expenses of sale; by reason of the sale of said property pursuant to said decree to the City of Mobile on the 27th day of January, 1941; by a deed conveying said property made by the Register of the Circuit Court of Mobile County, Alabama, to the City of Mobile on the 27th day of January, 1941, which deed is recorded in Real Property Book 113, page 210 of the records in the office of the Judge of the Probate Court of Mobile County, Alabama, and by a conveyance by the City of Mobile to Willella S. Case of the title to said property by deed dated the 18th day of November, 1959, and recorded in Real Property Book 113, page 211 of the records in the office of the Judge of the Probate Court of Mobile County, Alabama."

Complainant answered the cross bill, denying that respondents, or either of them, have any interest in the land, and averring that complainant:

"2. . . . claims title to the property described in the complaint under and by virtue of a valid tax sale on, to-wit, the 16th day of August 1934, to the State of Alabama against F. Wolfshon, the owner thereof for non-payment of the taxes assessed against said owner for the tax year 1933; the deed of the State Land Commissioners to complainant George B. Ward dated January 26, 1944, recorded in Deed Book 380 at pages 263–264, and the matters and things hereinafter alleged.

"3. Complainant avers that at the time he purchased and acquired the tax deed from the State of Alabama hereinabove referred to, the City of Mobile had never taken possession of and was not in possession of the property described in the bill of complaint, and has never been in possession of or asserted any title to or interest in said property

except in so far as the execution of the quit-claim deed to respondent Willella S. Case may indicate such a claim."

In the answer, complainant further averred in detail that he took possession in February, 1944, and that since that time he has been in "the open, notorious, continuous, uninterrupted and peaceable possession and use of the property described in the complaint," etc.

At the outset, appellee, the complainant, asserts that appellants have failed to comply with Rule 9 of the Revised Rules of this court, which recites in pertinent part as follows:

"Appellant's brief under separate headings shall contain: (a) under the heading 'Statement of the Case,' a concise statement of so much of the record as fully presents every error and exception relied upon referring to the pages of the transcript; (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; . . . ." Title 7, Recompiled 1958, page 1159.

Appellants' "STATEMENT OF THE CASE" commences:

"This case, on appeal, presents three basic questions:";

and then proceeds to hypothesize certain facts and asks: A. Whether respondents' title is defeated; B. Could title be decreed to be in complainant without requiring complainant to reimburse respondents for the money they paid to the city; and, C. Was

the decree correct in decreeing that complainant was the owner in fee simple.

We are of opinion that these questions fall short of being "a concise statement of so much of the record as fully presents every error and exception relied upon."

The substantial deficiency in appellants' brief is the failure to set out "a condensed recital of the evidence given by each witness in narrative form," etc., as required by Rule 9 where the insufficiency of the evidence to sustain the verdict or finding, *in fact or law,* is assigned. Appellee states in brief:

"The writer's feeling about this phase of Rule 9 is that it requires work on the part of lawyers out of all proportion to benefits or aid to this Court. And if this Court is to ignore and condone flagrant violations of the Rule by attorneys representing Appellants, the Rule obviously will be of *no* benefit whatever to this Court, but will impose on lawyers who conscientiously believe in complying with the Rules of this Court, a burden which they should not be required to bear, when others are permitted with impunity to ignore such requirements.

"Our position is and has consistently been, that the Rule is a hard rule, and should be abolished by the Court, but until it is, it should be obeyed *by all lawyers, without exception,* and unless it is so obeyed, no lawyer disobeying the Rule should be permitted to reverse a decree dependent on the sufficiency of the evidence 'in law or in fact', not having presented in their brief the facts upon which they rely to show the insufficiency of the evidence to support the decree sought to be reversed in the manner expressly and mandatorily required by the Rule. Appellants should be treated as not having 'substantially argued' such assignment, and any such assignment should 'be deemed waived' and should not be considered by the Court. If applied, this would result in affirmance of the decree and (sic) its further consideration. This is the only ruling the Court can make which is consistent with the validity and uniform application of the Rule.

"The brief in this case contains what purports to be a 'statement of facts' covering pages 4–7, and slightly over half of page 8, or a total of four and one-half pages of brief paper. The transcript of the evidence as shown by the record covers about half of page 19 through somewhat more than half of page 341, or substantially 321 pages of transcript paper.

"It involves the oral testimony of some twelve witnesses and rather voluminous documentary evidence. There is no 'recital of the evidence given' by any one of the witnesses 'in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly'. At most the brief states only the opinion or conclusion of Appellants' counsel as to what the evidence shows, without reference to the pages of the transcript where any such testimony occurs."

In reply, appellants say:

"A reading of the Assignments of Error will reveal that not one of the assignments of error specified, as is implied by the Appellee's brief, that the appeal as a whole or any of the individual assignments of error, is based on the insufficiency of the evidence to sustain the verdict or finding, in fact or law. There was no jury and therefore no verdict in the case. There was no finding of fact or of law made by the Judge. There was only a judgment drawn in the most general and non-confining terms that a skillful, experienced lawyer could use."

The decree did quiet the title in complainant. Assignment 1 recites:

"1. The Court erred in rendering its decree of January 3, 1961, in granting the relief prayed by the Complainant."

■ The decree can be sustained only by a finding that complainant was in peaceable possession and that respondents have failed to prove that they have a title better than the title of complainant. Assignment 1 asserts that the court erred in rendering the final decree and, therefore, necessarily asserts that the finding on which the decree must be based is not supported by the evidence. We are of opinion that Assignment 1 is an assignment to the effect that the evidence is insufficient to sustain the verdict or finding, in fact or law, and requires appellants to set out a condensed recital of the testimony of each witness as required by Rule 9.

In further reply, appellants say that any violation of the rule on their part was unintentional and ask that we consider the case under the liberal rule which has been stated as follows: ·

" . . . While we might, with justification, order an affirmance for insufficient compliance with these rules, we are inclined to exercise our discretion in the matter and give consideration to appellants' brief. (Citations Omitted.)" Quinn v. Hannon, 262 Ala. 630, 632, 633, 80 So.2d 239, 241.

It has never been the inclination of this court to deny consideration of an appeal on the merits where appellant has substantially complied with the rules and "appellant's brief, even though not in compliance with the rule, fairly and helpfully makes the points upon which appellant relies." Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9. In Quinn v. Hannon, supra, the evidence had been "reduced to writing by agreement of the parties and presented to the trial court without an oral hearing." In other cases, where non-compliance with Rule 9 has been condoned, the record was short and easily understood. That is not the situation here. The instant court reporter's transcript of the evidence contains the testimony of about twelve witnesses and covers three hundred and thirty-seven pages.

The brief of appellants fails to persuade us that the court was plainly wrong in reaching either of the two conclusions which appellee asserts will sustain the decree.

Appellee says: first, that appellants failed to prove title in themselves; and, second, even if appellants did prove such title, they are estopped by the conduct of their predecessor in title, the City of Mobile, from prevailing against appellee under the rule applied in Powell v. City of Birmingham, 258 Ala. 159, 61 So.2d 11.

■ In the case at bar, we are of opinion that the rule to be applied here is the rule which has been stated as follows:

" . . . Appellant's brief does not contain a concise statement of the record including a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely as required by Supreme Court Rule 10, Title 7, Appendix, Code 1940. Consequently, we do not here recite the facts which we feel sustain the contention of the appellee that the evidence is, sufficient to support the trial court's finding. Case v. O'Shields, 30 Ala.App. 254, 4 So.2d 202; Lamar Life Ins. Co. v. Kemp, 30 Ala.App. 138, 1 So.2d 760." Limbaugh v. Comer, 265 Ala. 202, 205, 90 So.2d 246, 248.

■ The second question posed in appellants' statement of the case is whether the court erred in failing to require appellee to reimburse appellants for the money they paid to the city to discharge the alleged improvement lien on the property in suit. We are of opinion that the court was not in error in this respect because the court could find from the evidence, as we understand it, that appellants paid for an improvement lien on property which was not shown to be the same property described in the bill of complaint. Flowers v. Tillery, 272 Ala. 9, 127 So.2d 595.

We are somewhat at a loss to understand the significance of the third question posed by appellants. This question is presented by argument in support of Assignment 5 which recites as follows:

"5. The Court erred in its decree of January 3, 1961, in ruling that the Complainant, GEORGE W. WARD, is the owner in fee simple of the property described in the Complaint."

Appellants' argument seems to be that appellee did not hold in fee simple because the property had been leased to one who is not a party to this suit. Appellants may be correct in this contention, but we fail to see how this injures appellants. The issue between them and appellee is who has the better title. It matters not to the loser whether the court merely declares that appellee has the superior title or a title in fee simple. We are not persuaded that we should reverse for the error asserted in Assignment 5.

We do not see clearly that the conclusions of the trial court are wrong. Marlowe v. Benagh, 52 Ala. 112.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.