166 So.2d 790

**Mary Frances Davis STEELE**

**v.**

**George L. STEELE.**

**8 Div. 160.**

Supreme Court of Alabama.

July 30, 1964.

Carroll & Noblett, Huntsville, for appellant.

Ramsey O. Scott, Huntsville, for appellee.

MERRILL, Justice.

Appeal from a decree modifying a decree of child support from $200 to $135 per month. The original decree, in addition to a lump sum settlement for the wife and allowance of her attorneys' fees, provided for payments of $66.67 per month for each of three minor children. The modification reduced the payments to $45 per month for each of the three children.

Both husband and wife married again after the divorce and the husband, appellee, filed a petition for modification exactly one year after the date of the divorce decree. The chief basis of the petition was alleged changed circumstances consisting of changes in financial condition and in appellee's health for the worse. The trial court modified and reduced the payments and this appeal followed.

The argued assignments of error may be grouped as raising two questions. First, they raise the sufficiency of the evidence. Supreme Court Rule 9 requires that appellant's brief shall contain a condensed recital of the evidence given by each witness, bearing on the points in issue if the insufficiency of the evidence is assigned

as error. Appellant's brief contains no recital of the evidence and does not comply with the rule. This failure constitutes a waiver and abandonment of those assigned errors and we do not consider them. Mothershed v. Mothershed, 274 Ala. 528, 150 So.2d 372, and cases there cited.

The second group of assigned errors raises the point that no change in circumstances was shown to warrant a modification of the decree.

 We agree with appellant that evidence that the husband's physical condition and state of health had substantially changed for the worse since entry of the divorce decree does not justify reducing the amount of periodic payments of alimony awarded the wife, in the absence of the showing of a substantial change for the worse in the financial condition of the husband. Young v. Young, 262 Ala. 254, 78 So.2d 265.

 But here, there was considerable evidence that appellee's financial condition had worsened. Testimony of appellee, his book-keeper and present wife, a retired bank manager and cosigner of two notes with appellee, and three creditors showed a substantial change for the worse in appellee's financial condition. This evidence, in connection with the fact that appellee was fifty-nine years of age; that, according to his physician, in the past year he had developed hardening of the arteries, crippling arthritis; that he operated a small sawmill, that when he was sick the sawmill did not run, that he did all the saw filing; that he had no education and only learned to write his name in 1936, and that he did not make as much as he formerly did was sufficient to support a modification of the decree. Postell v. Postell, 248 Ala. 312, 27 So.2d 477.

 The decree of the trial court on testimony ore tenus will not be disturbed unless plainly wrong. 2A Ala.Dig., Appeal & Error ☜1009(1). The trial court can, in its discretion, modify an original award of alimony in a divorce decree on proof of changed circumstances of the parties, one or both, but unless the discretion is abused, the order granting or denying modification will not be reversed on appeal. Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423, and cases cited. We find no abuse of discretion in the modification order in the instant case.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.