237 So.2d 104

**STATE of Alabama**

v.

**ARGO-COLLIER TRUCK LINES CORPORATION, a Corp.**

**3 Div. 297.**

Supreme Court of Alabama.

June 11, 1970.

Rehearing Denied July 10, 1970.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and B. Frank Loeb, Asst. Counsels, Dept. of Revenue and Asst. Attys. Gen., for appellant.

Hill, Hill, Stovall & Carter, and William A. Oldacre, Montgomery, for appellee.

COLEMAN, Justice.

The State appeals from a decree of the circuit court setting aside an assessment for use tax made against appellee.

The assignments of error are that the trial court erred: ". . . in setting aside . . . the . . . assessment . . ."; ". . . in not entering a decree affirming the . . . assessment . . ."; ". . . in ruling that the . . . assessment . . . be set aside . . ."; ". . . in finding that there was no taxable moment . . . outside interstate commerce . . . ."; ". . . in reaching the conclusion that the imposition of the Use Tax . . . constitutes an interference with interstate commerce . . . ."; ". . . in not finding that the vehicles here in question were . . . delivered into this State for storage, use and consumption in such State . . ."; and ". . . in not finding that there was a 'taxable moment' in Alabama during which the vehicles here in question came to rest within the State, thereby breaking their interstate journey."

Appellant says in brief:

". . . All of these assignments of error are related in that each sets out as error either the adverse judgment of the Court below, a specific finding of fact or conclusion of law contained in the lower court's opinion, or the failure of the lower court to make a specific finding of fact or conclusion of law in its opinion." In concluding part of brief, appellant says:

"Appellant urges that this Court, after giving due consideration to the statutes involved, *the evidence showing the nature of the transactions,* and the authorities above-referred to, find that the lower court erred in not upholding the final assessment for use tax. Appellant also submits . . . that the lower court erred in not finding that when Appellee took possession of the 26 vehicles in Alabama, . . . there was a socalled 'taxable moment' during which the tax attached . . ." (Emphasis Supplied)

All these assignments are to the effect that the evidence is insufficient to sustain the findings of the trial court. Case v. Ward, 276 Ala. 242, 160 So.2d 859. It could not be decided with reason that the

**56**

trial court erred in its findings or conclusion unless the evidence were first examined to determine whether it sustained the findings and conclusions set out in the decree appealed from.

Appellee has filed a motion to affirm on the ground that appellant has not complied with Supreme Court Rule 9. The motion is supported by argument in appellee's brief. Rule 9 requires that if insufficiency of the evidence to sustain the finding, in fact or law, is assigned, then the statement of facts shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely. The reason for such a rule has been stated as follows:

" ' . . . "It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. [Citing cases.] Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived." . . . ' Slovick v. James I. Barnes Construction Co., 142 Cal.App.2d 618, 298 P.2d 923, 927." Standard Oil Co. v. Johnson, 276 Ala. 578, 588, 165 So.2d 361.

Appellant has not complied with Rule 9. Appellee's motion is well taken and the decree is due to be affirmed. See: Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246; Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96; Service Fire Insurance Co. of New York v. Short, 273 Ala. 613, 143 So.2d 308; Bevis v. Roden, 274 Ala. 101, 145 So.2d 842; Case v.

Ward, 276 Ala. 242, 160 So.2d 859; Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361; Steele v. Steele, 277 Ala. 13, 166 So.2d 790; Alabama Farm Bureau Mut. Cas. Ins. Co. v. Crestman, 277 Ala. 410, 171 So.2d 119; Brooks v. Jones, 279 Ala. 275, 184 So.2d 356; Sharp v. Elliotsville Cumberland Presbyterian Church, 280 Ala. 266, 192 So.2d 718; Nixon v. Richardson, 281 Ala. 632, 206 So.2d 877; Caffee v. Durrett, 282 Ala. 71, 209 So.2d 210; and Stewart v. Stewart, 284 Ala. 3, 221 So.2d 116.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, BLOODWORTH, and McCALL, JJ., concur.

