296 So.2d 735

**Catherine FREE**

v.

**James FREE.**

**Civ. 322.**

Court of Civil Appeals of Alabama.

June 19, 1974.

Richard H. Ramsey, III, Dothan, for appellant.

Buntin & Cobb, Dothan, for appellee.

BRADLEY, Judge.

The appeal is from a decree of the Circuit Court of Houston County divorcing the parties, awarding custody of a minor son to the father-appellee, granting $150 per month periodic alimony to the wife-appellant, and ordering appellee to pay $400 to appellant as attorney fees.

The evidence shows that the parties to this proceeding were married in March 1967. The marriage was rather stormy with intermittent separations, the final separation occurring on July 29, 1973 when appellee found appellant early one morning in the apartment of a male friend. One of the earlier separations occurred in 1972 and was brought on by appellant's boy friends calling her on the telephone. This separation had lasted about six months.

There was born to these parents a son who, at the time of the trial, was six years old. The evidence shows that the mother permitted the child to be verbally abused by others; carried him with her on one occasion when she was arrested for shoplifting; physically abused the child; left the child alone on several occasions; and consorted with male companions in nightclubs, automobiles and apartments. There was testimony that appellant was not a fit person to have custody of the child.

The appellee stated that he and his son were living in a three bedroom house trailer on a seventy acre farm along with appellee's mother, brother and stepfather.

The evidence shows that the child is loved by his father and grandparents and is well cared for and happy.

The child testified that his mother had mistreated him and had been mean to him. He said he wanted to live with his father.

■ There are several assignments of error which question the sufficiency of the evidence to support the finding of incompatibility, the misconduct of appellant and the award of custody to the father. However, the appellant did not favor this court with a narrative statement of the testimony of each of the witnesses as required by Rule 9 of the Supreme Court Rules. Neither did appellant cite or discuss any legal authority in the argument section of her

brief as is also required by Rule 9. These omissions impose an unnecessary burden on this court not only to search the record to determine whether the trial court's findings are supported by the evidence, but also to attempt to ascertain what legal principles are being relied on to overturn the judgment being reviewed. The Supreme Court has said that the failure to comply with the rule as stated constitutes a waiver of the error assigned. State v. Argo-Collier Truck Lines Corp., 286 Ala. 54, 237 So.2d 104. However, the rule is considered directory and we will not enforce it in this instance so that the appeal may be decided on its merits. However a stricter adherence to the appellate rules in the future would be more helpful to this court in deciding the controversies before it.

■ As to the finding of incompatibility, the trial court had evidence before it of the several separations of the parties occasioned by appellant's misconduct, i. e., her associations with other men, the testimony of appellee that he did not trust his wife and could not communicate with her; also that they fussed and fought all the time they were together, and that they no longer had any feeling for each other. Furthermore, it had the appellant's testimony that their marriage had broken down and they could no longer live together as man and wife.

In Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71, this court said:

" . . . [W]here there is such a positive incompatibility of temperament as to render it impossible for the parties to live together in peace and happiness, a divorce may be granted on the ground of incompatibility of temperament."

We conclude that the evidence is sufficient to support the trial court's finding of incompatibility within the above definition.

■ Also, in a divorce action, the findings of the trial court are presumed correct where the evidence is heard ore tenus, Hammett v. Hammett, 46 Ala.App. 206, 239 So.2d 778, and will not be overturned unless found to be plainly and palpably in error. Long v. O'Mary, 270 Ala. 99, 116 So.2d 563. We do not consider the trial court's finding of incompatibility to be plainly in error.

Appellant says that the trial court's finding that she had committed acts of misconduct is also unsupported by the evidence. We disagree. The evidence shows that appellant had a penchant for the companionship of other men, and consorted with them at nightclubs, in cars and in their apartments. These associations caused at least two of the parties' separations. The trial court's finding in this regard is amply supported by the evidence.

■ Appellant says that the trial court erred in awarding custody of the child to the father. She relies on Title 34, Section 35, Code of Alabama 1940, as Recompiled 1958 for the proposition that children under seven years of age belong with the mother. Section 35 does create a presumption that custody of children under seven years of age should be with the mother; however, it is a rebuttable presumption. Statham v. Statham, 276 Ala. 675, 166 So.2d 403.

■ The evidence shows that the mother neglected the child, permitted others to abuse the child, and had the child with her when she was accused of committing criminal acts. From this evidence the trial court could easily conclude that the appellant did not have the best interest of the child in mind. And, in custody cases, the welfare of the child is always of paramount concern to the court. Tyler v. Thompson, 50 Ala.App. 24, 276 So.2d 610.

On the other hand, the evidence showed that the father had taken the child to live on a farm where he would be cared for by the grandmother and stepgrandfather during the time the father was away at work,

and would be given the love and attention a young boy needs. Furthermore, the child said he wanted to live with his father. He said his mother was mean to him.

In this state of the evidence, we cannot say that the trial court erred in its award of the child's custody to the father.

Next, appellant contends that $150 per month is insufficient alimony.

 The evidence shows that appellee was earning about $200 per week, with take-home pay of about $155 per week, and out of this he pays $100 per month toward the purchase of a one-half interest in a seventy acre farm. He is also paying $98 per month on a 1969 Oldsmobile and $47 per month on a loan secured by a motorcycle. The parties owned no property. The wife was young, in good health and able to work. She had been employed while they lived in Birmingham and had been earning $1.85 per hour.

The award of alimony is within the sound discretion of the trial court and will not be disturbed unless there is a showing of an abuse of that discretion. Rich v. Rich, 256 Ala. 339, 54 So.2d 554. Based on the earnings of appellee, his indebtednesses and expenses, the care of his minor child, and the ability of appellant to become gainfully employed, we cannot say that the trial court abused its discretion in awarding appellant $150 per month as alimony.

Appellant contends that the trial court awarded an inadequate amount as attorney fees.

 The award of attorney fees in a divorce case is discretionary with the trial court, but, of course, it cannot be arbitrary. Body v. Body, 47 Ala.App. 443, 256 So.2d 184.

 The record shows that at the conclusion of the taking of testimony, the attorney for appellant inquired of the court as to the award of attorney fees. The court stated that an award would be made.

The appellant's attorney then suggested a stipulation as to the amount of the fee. The appellee's attorney said that he would stipulate that $400 would be a reasonable fee for services in the case. No objection was made thereto by appellant's attorney. The trial court then awarded $400 as appellant's attorney fee. We find no abuse of the trial court's discretion in the amount of attorney fees awarded.

 By an assignment of error, appellant says that the trial court erred in denying her request for a free transcript on appeal. In support of this assignment, no legal authorities were cited or argued, and therefore, must be considered as waived for being an insufficient argument of an assignment of error. Alabama Elec. Coop., Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848.

No reversible error having been argued, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.