WRIGHT, Presiding Judge.
This is a child custody case. The mother sought modification of a judgment of divorce rendered in 1975, by which custody of two children, ages one and three, was awarded to the father. The judgment was entered after suit by the father, with answer, waiver and agreement by the mother. The mother was given liberal visitation privileges of extended duration and had exercised such privileges for some three years at the time of the hearing.
The mother alleged in her petition for modification a change in circumstances. Such change was premised upon her remarriage with attendant improved conditions for support and' housing. Lengthy oral testimony was heard by the court as to the ability of the mother to presently provide a home and support for the children. There was testimony as to the condition of the home of the grandparents where the children have resided with the father since the divorce. There was evidence that the children were happy and well cared for.
This is a classic case for the exercise of judicial discretion as to custody of children. In such cases, the exercise of such discretion after oral hearing of evidence is reviewed with a strong presumption of correctness. This court will not set it aside unless it is so contrary to and unsupported by the evidence as to appear clearly adverse to the best interest and welfare of the children. Bynum v. Bynum, 52 Ala.App. 633, 296 So.2d 722 (1974); Free v. Free, 52 Ala.App. 647, 296 So.2d 735 (1974). The evidence in this case is merely that the mother is now better able to provide and care for her children than she was at the time of her divorce. Though of interest and concern to the court, such improved circumstance of the mother is not controlling upon the court, in the absence of evidence of existing detrimental circumstances of the children indicating a need for change of custody. Ponder v. Ponder, 50 Ala.App. 27, 276 So.2d 613 (1973).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.