BRADLEY, Judge.
This is an appeal from an order of the Circuit Court of Mobile County, granting the husband’s petition to discontinue alimony payments.
The husband and wife were divorced on July 24, 1980. The wife was awarded $50 monthly alimony to be paid from the husband’s social security, such payments to terminate when the wife began drawing her social security benefits. The trial court also ordered the husband to pay the wife as alimony twenty-five percent of his net take-home pay if and when he became gainfully employed. See 395 So.2d 1038 (Ala.Civ. App.1981). The husband became gainfully employed in January 1982. Subsequently, the circuit court, upon the wife’s motion to enforce the judgment, ordered that the husband pay the wife $300 per month as alimony, such sum representing twenty-five percent of the husband’s net monthly income. See 440 So.2d 566 (Ala.Civ.App.1983). On April 4, 1984 the husband filed a petition in the circuit court seeking termination of the alimony payments. After an ore tenus hearing the trial court granted the husband’s petition, ordering that all future alimony payments be terminated. The wife appeals to this court.
The dispositive issue on appeal is whether the trial court abused its discretion by modifying the prior decree for alimony so that husband no longer must pay the wife monthly alimony.
Where the court grants a petition for modification of an alimony award after an ore tenus hearing, it is presumed correct. May v. May, 441 So.2d 945 (Ala.Civ.App.1983). Thus, the trial court’s modification will not be reversed on appeal unless the court’s judgment was plainly and palpably wrong. Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App.1983).
A trial court may modify an alimony award where the party seeking the modification shows a material change of circumstances since the entry of the last decree awarding alimony. Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App.1977). In determining whether to grant a petition to modify a divorce decree, the court may consider the movant’s current financial problems, future prospects, and the needs of the former spouse. Lamar v. Lamar, 429 So.2d 1055 (Ala.Civ.App.1982).
Furthermore, there must be evidence of a change in the financial status of the movant in order to grant a modification, even where the health of the movant has deteriorated. Steele v. Steele, 277 Ala. 13, 166 So.2d 790 (1964).
We find that the husband provided substantial testimony proving that he had suffered a material change in his financial status. He testified that he was seventy-four years old and in very bad health, battling a heart condition and diabetes. He, therefore, is unable to work and to pay the rent at his place of business. Furthermore, his business’s phone service and electricity have been shut off, and the business is on the brink of bankruptcy. His only *1337 source of income is from social security and disability benefits amounting to $700 a month.
The wife contends, however, that her former husband’s financial situation had improved since the last decree. Therefore, she urges that the court’s modification was error. We disagree.
A review of the record reveals that the husband is now receiving $8.00 more monthly from social security; however, he is no longer employed, and the former wife is receiving social security benefits. Under the former decrees of the court, husband was to pay $300 a month in alimony only if he was gainfully employed. He is no longer employed. Further, the $50 a month payable to wife from husband’s social security was to cease when she reached age sixty-five and began receiving her own social security benefits. Wife has now reached sixty-five years of age.
The evidence supports the alimony modification order of the trial court, and its judgment is affirmed.
The wife’s request for an attorney’s fee is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.