BRADLEY, Judge.
This is an appeal from an order of the Circuit Court of Morgan County, granting the husband’s petition to discontinue alimony payments.
The parties were divorced in 1974 after twenty-one years of marriage. During their marriage they had five children. In the decree of divorce wife was awarded child support for the two minor children until they attained the age of majority, and the sum of $175 per month as alimony until she remarried. Pursuant to the decree, the parties’ jointly owned home was ordered to be sold and the proceeds therefrom divided equally upon their youngest child’s attaining the age of eighteen or the wife’s remarriage.
On November 8,1984, ten years after the original decree, the husband filed a petition to modify, wherein he sought termination of the $175 monthly alimony payments, his sole remaining obligation under the original decree of divorce. After oral hearing, the trial court granted the husband’s petition and ordered that all future alimony payments be terminated. From that order the wife appeals to this court.
The dispositive issue on appeal is whether the trial court abused its discretion by modifying the prior decree for alimony so that the wife no longer receives monthly support from her former husband.
Periodic alimony is for the support of a former spouse, and modification of a divorce decree with respect to such alimony remains a matter for the discretion of the trial court. Furthermore, the exercise of such discretion will not be disturbed on appeal unless the trial court’s judgment was plainly and palpably wrong. Clement v. Clement, 455 So.2d 46 (Ala.Civ.App. 1984).
The general rule is that before a modification petition of a divorce decree may be granted, the party seeking the modification must show a material change in circumstances since the entry of the decree awarding alimony. Rose v. Rose, 460 So.2d 1335 (Ala.Civ.App.1984). Factors which may be considered in determining whether to grant the petition to modify include the financial status and needs of the receiving party, the financial status of the moving party, the receiving spouse’s capability of self-support, the receiving spouse’s employment since the divorce, and the remarriage of either party. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App.1985).
In the instant case the record reveals that the wife has never remarried, and that the husband remarried in 1976. All of the children of the parties are now adults and no longer permanently reside with either the wife or the husband.
At the time of the divorce the wife was a homemaker and was drawing no annual income. Subsequently, she went back to college, and in 1976 she became a registered nurse. She testified that thereafter, in 1980, she received a bachelor of science degree in nursing. She is now a full-time staff member of a hospital.
Wife testified that her gross income for 1984 was $22,657.69. She also stated that she had a $1,057.54 savings account, a $2,000 Super Now account, and two IRA’s in the respective amounts of $2,158.46 and $2,000.
The record also reveals that in 1979 the wife received an inheritance of between $11,000 and $13,000. She also received $31,000 between November 1981 and January 1983 as her undivided one-half interest in the parties’ dwelling, pursuant to the terms of the original decree.
Based on the aforementioned evidence, in light of the attendant presumptions, we hold that the trial court did not abuse its discretion by terminating wife’s periodic alimony. The trial court’s decree is affirmed.
Both of the parties’ requests for attorney’s fees are denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.