INGRAM, Presiding Judge.
The parties were divorced in December 1982 by the Circuit Court of DeKalb County. Incorporated into the divorce decree was an agreement between the parties concerning, among other things, alimony and a property settlement. The agreement contained the following provision:
*130 “5. The husband shall pay to the wife the sum of $500.00 per month as alimony. The amount of alimony will be increased on July 1 of each year beginning in 1983 at a rate based on the U.S. Government cost of living index, plus two (2%) percent.”
In February 1988, the wife sought to recover an arrearage in certain payments, including the alimony payments. The husband counterclaimed, contending that the single payment of $500 was intended to be alimony and child support and that he should be relieved of this obligation.
In October 1988, after an ore tenus proceeding, the trial court found that the husband was in arrears in the payment of alimony in the amount of $34,500. Further, the court found that the husband had failed to pay $3,013 for taxes, attorney’s fees, and medical expenses. The trial court also reduced the alimony obligation to $50 per month. On rehearing, the trial court amended its October 1988 order and held that a portion of the support payments required under the divorce decree was intended to be child support and reduced the total judgment from $37,513 to $27,513. The court also terminated the husband’s alimony obligation. From this order of March 1989 the wife appeals.
The wife’s first argument on appeal is that the trial court erred in determining that any portion of the $500 monthly “alimony” payment was, in fact, child support. We agree.
The law is quite clear that, where the terms of a written agreement between divorcing parties are doubtful or ambiguous, the court may allow testimony regarding precontract negotiations as well as the understanding of the parties. Croft v. Croft, 513 So.2d 630 (Ala.Civ.App.1987). However, it is equally well settled that, if the terms of a written agreement appear to be both clear and certain, oral testimony regarding the intent or understanding of one of the parties is inadmissible. Croft, supra.
After a review of the provision set out above, we cannot say that it is unclear or ambiguous so as to require extrinsic evidence concerning the intent of the parties. In fact, it appears to this court that the provision in question is quite clear. The husband is to pay the wife alimony in the amount of $500 per month, which is to be increased each year based upon a certain standard. Therefore, the trial court erred in not giving the provision the plain and clear meaning of its terms. See Blue Cross & Blue Shield v. Beck, 523 So.2d 121 (Ala.Civ.App.1988).
As concerns the amount of past due alimony due the wife, we would note that the evidence is undisputed that the husband was in arrears either $40,926.73 or $41,107.84, depending upon when the inflation adjustment was effective. This amount of past-due alimony is a final judgment as of the date due and is not subject to modification. Petty v. Petty, 479 So.2d 1288 (Ala.Civ.App.1985).
In view of the above, we find that there is no evidence that the alimony arrearage due is less than $40,926.73. Therefore, the trial court’s award of $27,513 was in error and is due to be reversed.
The wife also argues that the trial court erred in terminating the alimony payments. We disagree.
Periodic alimony is for the support of a former spouse, and modification of alimony remains a matter for the discretion of the trial court. Hayes v. Hayes, 485 So.2d 753 (Ala.Civ.App.1986). Periodic alimony has as its sole object the support of the former spouse. Allen v. Allen, 477 So.2d 457 (Ala.Civ.App.1985). Accordingly, it may be terminated when that spouse becomes self-supporting, since the object for which it was granted no longer exists. Allen, supra. Such self-support constitutes in itself a material change in circumstances such as to authorize the termination of alimony by the trial court. Allen, supra. Furthermore, the exercise of such discretion will not be disturbed on appeal unless the trial court’s judgment was plainly and palpably wrong. Hayes, supra.
Here, it is undisputed that the husband has never made any of the alimony *131 payments since the divorce in 1982. However, the record reveals that the wife has maintained her home and met her living expenses and has still managed to save approximately $10,000. Further, the record reveals that the wife has obtained a pilot’s license and has purchased a 1946 Piper airplane for $5,500. In view of this evidence, we cannot say that the trial court’s order to terminate the husband’s alimony obligation to the wife is plainly and palpably wrong. The trial court could have concluded that, based on the evidence, the wife is self-supporting.
We need not address the wife’s final argument concerning the “integrated bargain.” That issue was not raised in the trial court in any manner and is presented as an issue for the first time on this appeal. Whitworth v. Dodd, 435 So.2d 1305 (Ala.Civ.App.1983).
This case is due to be affirmed in part and reversed and remanded in part with instructions to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.