ALMON, Justice.
This appeal is from a judgment rendered by the Circuit Court of Russell County quieting title to a tract of land in favor of Arthur Chatman, Jr. T.J. Jackson claimed title to a portion of the land through a tax deed. The questions presented are whether Jackson’s tax deed gave him a valid interest in the property and, if not, whether he is entitled to reimbursement from Chat-man or Chatman’s predecessors in title of the taxes he paid on the property.
The land in question was part of a 224.7-acre parcel that was originally owned by Zack Stephens. This land passed by will to persons hereinafter referred to as “the Ste-phenses,” and Chatman purchased the land from them subject to a purchase money mortgage. Some time after the sale, Chat-man ceased making the mortgage payments to the Stephenses when he learned that Jackson claimed ownership of approximately 34 acres of the land by virtue of a tax deed; thereupon, the Stephenses brought this action to quiet title to the land and to cancel Jackson’s tax deed. Chatman later joined as a plaintiff. A trial was held and evidence was presented by both parties. At the conclusion of the hearing, the judge found that Jackson based his sole claim to the property on a tax deed that was void because it arose from an assessment against a deceased owner and because the property had been misdescribed in the notice of sale and the tax deed.
Jackson argues that the trial judge’s ruling was in error because, he says, the land he claims was never a part of the Zack Stephens estate, but was part of an adjacent estate that belonged to Aaron Stephens. He concedes that his tax deed describes the property as being located in the Northwest quarter of Section 3, Township 16 North, Range 30, in Russell County and not as being in the Northeast quarter. He argues, nevertheless, that it gives him a valid claim to the disputed portion of Chat-man’s property, which is located in the Northeast quarter, because, he says, he proved that the error in the description was merely a clerical error and that the tax sale and deed were intended to convey the disputed land in the Northeast quarter.
In response, the Stephenses argue that the trial court’s judgment was correct because of the incorrect description in Jackson’s tax deed and because the tax deed shows that the property was sold for the nonpayment of taxes assessed in the name “Aaron Stephens Estate c/o J.D. Stephens.” They cite Monte v. Montalbano, 274 Ala. 6, 145 So.2d 197 (1962), and Flowers v. Tillery, 272 Ala. 9, 127 So.2d 595 (1961), as holding such deeds invalid. In Monte, which concerned an action to quiet title, this Court stated: “Land cannot be assessed for taxation as property of a deceased owner or of his estate, and a sale founded on such an assessment is a nullity.” 274 Ala. at 10, 145 So.2d at 199 (citations omitted). Flowers was an action of statutory ejectment. After the court ruled for the defendants, the plaintiffs, who were purchasers at a tax sale, filed a claim for the amount they had paid at the tax sale and the amount paid in subsequently accruing taxes. In affirming the trial court’s judgment for the defendants, this Court noted: “Both sides agree that the tax sale in 1939 was void for two reasons: first, because the sale was founded on an assessment against a deceased owner, and second, because the property was misdes-cribed in the notice of sale. This court has held that each of these defects invalidates a *1275 tax sale.” 272 Ala. at 11, 127 So.2d at 596-97 (citations omitted).
The Court in Flowers affirmed the judgment, holding that the defendants were not obligated to reimburse the plaintiffs for taxes paid when the defendants’ land had not, in fact, been sold for taxes. The principal basis for that holding was that the purported tax sale of the defendants’ land had described the wrong lot. For the same reasons as the Court stated in Flowers, Jackson is not entitled to reimbursement from the Stephenses or from Chatman for the taxes he paid on the property. Flowers held that the precursor of Ala.Code 1975, § 40-10-76, “does not sanction reimbursement of the tax purchaser where the land sued for has not been assessed or sold as is the case here.” 272 Ala. at 12,127 So.2d at 598. Section 40-10-76 was cited in Flowers because it applies when the tax purchaser is the plaintiff. The parallel provisions of § 40-10-77 apply here because the tax purchaser is the defendant. The reasoning of Flowers applies equally to both Code sections and compels the conclusion that Jackson is not entitled to reimbursement from Chatman or the Stephenses. See § 40-10-72, which gives a tax purchaser a remedy when the land sold is insufficiently described.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.